## STATE v FIELDS

Ohio Common Pleas, Darke Co

No 28384. Decided Jan. 11, 1938

Hugh A. Staley, Prosecuting Attorney, Greenville, Herbert S. Duffy, Attorney General, Columbus, and R. M. Winegardner, Assistant Attorney General, Columbus, for appellee.

Ernest M. Dunn, Union City, Ind., and S. E. Mote, Greenville, for appellant.

### OPINION

By GILMORE, J.

An affidavit was filed in the court of a justice of the peace in Darke County charging appellant Delbert Fields with a violation of the "Use Tax" Law (§§5546-25 to 5546-47 GC, inclusive). A plea of "Not guilty" was entered, trial had and defendant found guilty.

Previous to the trial of said cause a motion to quash the affidavit, and a demurrer to the affidavit were filed and overruled.

From the conviction an appeal has been perfected under the provisions of §13459-3 GC and thereby the questions raised before the magistrate on the demurrer, motion to quash, and final conviction are here for review.

In so far as the court finds from the briefs the question, raised both before the magistrate and here, goes to the constitu-

tionality of the Use Tax Law. True, the demurrer to the affidavit contains a ground that "the facts stated in said affidavit do not constitute an offense punishable under the laws of Ohio," but the transcript or briefs fail to show that this was urged. However, the court has examined the affidavits and it apparently properly informs the defendant of the charge against him sufficiently to comply with the law. It possibly would have been somewhat more informative had it contained an allegation as to the purchase price of the property in question; the court is unable to see from the transcript just how the Tax Commission arrived at the purchase price, and the recital by the justice in his transcript of what was testified to fails to disclose that such purchase price was ever established. No bill of exceptions was filed and therefore the court does not have the complete testimony, but there is a recital in the brief of counsel for appellee that "the purchase price of said automobile was shown to be $400.00."

The court is therefore only interested in ascertaining whether such Use Tax Law is in contravention of the provisions of the Constitutions of the State of Ohio and of the United States.

The Use Tax Law has been effective since Jan. 1, 1936, but in so far as this court has been able to ascertain, no judicial pronouncement relative to its constitutionality has been made.

It is contended that the Ohio Use Tax is merely a sales tax in disguise. Assuming that the Use Tax creates the same effect or secures the same results as the Sales Tax, and assuming further that the intention of the Legislature in adopting the Use Tax Law was to make it so effective, even so the court cannot inquire into the motive or cause of the enactment, for such motive and cause will not invalidate a tax otherwise lawful.

Fox v Standard Oil Co., 294 U. S. 87, 10 Syl.

Magneto Co. v Hamilton, 298 U. S. 40, 3 Syl.

There is no question but that the Use Tax Law and the Sales Tax Law are companion acts; however, the Use Tax Law was apparently passed with the designed purpose of making its provision one of equality rather than discrimination.

In the case of Saviers et v Smith, Secretary, 101 Oh St 132, the court held, in considering §10, Article XII of the Constitution, that such section of the Constitution authorizes the enactment of an excise tax "which is a tax imposed upon the performance of an act, the engaging in an occupation or the enjoyment of a privilege," and includes a tax on the operation of a motor vehicle on the public highways.

The Use Tax imposes an excise tax on "the enjoyment of a privilege," that is. the privilege of using certain personal property within the State of Ohio.

It will be noted that this law only imposes a tax on such property as is purchased from without the state and on which no sales tax has been paid or required to be paid and then only for the use of consumption of tangible property not in transit, but after same has come to rest in Ohio.

It is, in the opinion of this court, unnecessary for a determination of the question here involved, to look to any authority other than the case of Henneford et, appellants v Silas Mason Co., Inc. et, appellees, 57 U. S. Sup. Ct. Rep., 524, (300 U. S. 577) wherein a use sales tax of the state of Washington was held to be constitutional.

This court has not had access to a copy of the Use Tax Law of Washington, but the opinion of Mr. Justice Cardozo, pronounced in the above cited case, refers to enough of its provisions to indicate that numerous of such provisions are similar to those of the Ohio law. True, the Washington statute levies a tax on property purchased at retail either within or without the state, and provides an offset if the article has been subjected to a use tax in a foreign state or to a sales tax, and in the first reading of Mr. Justice Cardozo's opinion the court was impressed with the thought that such fact was paramount in the determination of the constitutionality of the law. However, on closer scrutiny, it seems that such provision was not at all decisive of the questions involved. This particular provision of the Washington statute was held to be somewhat of an exemption and the Supreme Court held that:—

"A taxing act is not invalid because its exemptions are more generous than the state would have been free to make them by exerting the full measure of her power."

Particular attention is noted in the opinion to the effect that the court did not mean by anything said in the opinion that "Allowance of a credit for other taxes paid to Washington made it mandatory that there should be a like amount for taxes paid to other states." This can only be construed

to mean that even though an exemption should be greater or less, by reason of credit- of a tax paid out of Washington than one within such state, the court still recognized the right of a state to place such a tax burden and to grant such exemptions as it saw fit, without consideration of the systems in other states.

"Things acquired or transported in interstate commerce may be subjected when once they are at rest, to a nondiscriminatory tax upon use or enjoyment." Henneford et v Silas Mason Co., Inc., Ibid.

The inquiry then naturally follows, is the Ohio law discriminatory? Certainly no more so than a property tax on imported property. Should one living in Ohio buy a carload of cattle in Iowa and have same shipped into Ohio, and own such property at a certain day of the year, such property would be subject to the property tax—a tax because of the ownership. In our case the tax is on the right to use or consume such property within our state. Counsel for appellant have urged that it was not uniform, but to be uniform it would need provide that if the owner of one article is required to pay a tax, then everyone owning a like article would be required to pay a like tax. The court cannot agree with this view. It does provide that like property bought without the state for use or consumption here is burdened with the same tax.

Complaint is further made by appellant, after admitting the power of the legislature to impose a use tax, that to exempt and except from its operation property purchased in Ohio, upon which a sales tax had been levied, would be violating the Federal and State Constitutions. Again the court says that the law would not be invalid because of greater exemptions being allowed than the Legislature was required to allow.

Counsel for appellant ask "Why should a resident of Ohio, who buys an automobile of a dealer in a city nearest his home where he does most of his trading, even though such dealer be a resident of another state, be compelled to pay a use tax on such automobile, when the same statute would have exempted him from paying such tax· had he bought the automobile in Ohio?" It ˙ might as well be asked why should a resident of this state be compelled to pay a sales tax with no more privilege of use than a person purchasing an automobile in another state, when such latter person would be free from any tax. This,

in the mind of the court, emphasizes the equality of the law under consideration, such law providing a use tax of the identical amount as the sales tax.

Lastly, in answer to the contention of appellant that the law does wrongfully delegate legislative duties to the Tax Commission the court concludes that the administration of the law is all that ▮▮▮▮ is placed with the Tax Commission, without power to them to go further than administer and enforce its provisions.

In the case of Vancouver Oil Co. v Henneford, 183 Wash. 317, the Supreme Court of the state of Washington has held—

"A state tax upon merchandise brought into this state from another state and held here in a state of rest, is not unlawful as imposing a burden on interstate commerce."

This court is of the opinion, as indicated earlier herein, that the Supreme Court of the United States has decided the fundamental issue here involved and the conclusion of this court will therefore be—

(1) That the law does not grant immunities and privileges to certain citizens that are not granted to others;

(2) That it gives to all citizens equal protection of the law;

(3) That it does have a uniform operation;

(4) That it is not an unlawful restraint of trade in interstate commerce;

(5) That it does not interfere with the right of free trade among the citizens of sister states;

(6) That it does not delegate legislative duties to a non-elective commission;

(7) That the affidavit filed herein does state facts sufficient to constitute an offense; and

(8) That §§5546-25 to 5546-47 GC, inclusive are not in contravention of the constitution of the United States ▮▮▮▮ nor of any provision of the constitution of the State of Ohio and are of uniform operation and not class legislation.

The judgment of conviction will be affirmed and an entry may be prepared in accordance with this finding, with exceptions of the appellant.