## STATE v FIELDS

Ohio Appeals, 2nd Dist, Darke Co

No 548.   Decided July 15, 1938

S. E. Mote, Greenville, and E. M. Dunn, Union City, for defendant-appellant.

Hugh A. Staley, Prosecuting Attorney, Greenville, for plaintiff-appellee.

## OPINION

By GEIGER, J.

On January 4, 1937, the Tax Commission of Ohio made an assessment against Delbert Fields under the provision of §5546-36 GC for the Use Tax alleged to be due from Fields. Notice was given Fields by mail of such assessment and afterwards he failed and refused to pay the assessment. Subsequently, demand was made by an authorized agent and upon his refusal to pay, an affidavit was filed before the Justice of the Peace in and for Jackson Township, Darke County, Ohio, charging defendant with failure to pay the Use Tax due the State of Ohio. The pertinent parts of this affidavit charged that the defendant

"did fail and refuse to pay the full and exact tax amounting to $13.80 as required, said tax being due and payable as set forth in the Ohio Use Tax assessment, No. 1925, as shown on the records of the Tax Commission of Ohio, and filed with said commission on January 4, 1937, etc."

A motion was made by the defendant to quash the affidavit for defects apparent on its face; (1) said affidavit does not state facts sufficient to constitute an offense punishable under the laws of Ohio; (2) §§5546-25 to 5546-45 GC, inclusive, so far as the same apply to a Use Tax for goods purchased out of the State of Ohio is in contravention of the Constitution of the United States in that it imposes an unlawful restraint upon trade and interstate commerce and denies to citizens equal protection of the laws and grants immunities to the inhabitants of Ohio who buy goods in Ohio that are not granted to citizens of Ohio contracting in other states and is not of uniform operation and is class legislation.

In due order a demurrer was filed to the same effect as the motion to quash, but in somewhat more detail. Both motion to quash and demurrer were overruled. The cause coming on for hearing, the defendant was found guilty as charged and a fine assessed. A motion for new trial was interposed asserting that the judgment is contrary to law and manifestly against the weight of the evidence and the court erred in overruling defendant's motion to quash and the defendant's demurrer. This motion being overruled, the defendant on July 9, 1937, gave notice of appeal on questions of law to the Common Pleas Court.

No bill of exceptions has been filed. §11564 GC provides that when the grounds of objection do not sufficiently appear in the entry a bill of exceptions shall be filed as therein provided.

The assignment of errors in this court are:

(1) The court erred in overruling motion to quash.

(2) In overruling the demurrer.

(3) In overruling the motion for new trial.

(4) The sentence and judgment are contrary to law and are against the weight of the evidence.

(5) Statute under which the charge was filed is in contravention of the Constitution of the United States and of Ohio.

(6) That the judgment is contrary to law.

No bill of exceptions having been filed, the court may not consider any of the evidence offered in the trial court, but may give its attention to those grounds which sufficiently appear in the entry, which resolve themselves into the following:

(1) Is the affidavit sufficient?

(2) Are the statutes under which the affidavit was drawn in contravention of either the Constitution of Ohio or of the United States?

## IS THE AFFIDAVIT SUFFICIENT?

Sec 5546-44 GC provides in substance:

"Whoever being a consumer as defined in this Act refuses to pay the full and exact tax as required by this Act or refuses to comply with the provisions of this Act and the rules and regulations of the commission * * * shall be deemed guilty of a misdemeanor."

Sec 5546-25 GC provides:

" 'Consumer' means the person who shall have purchased tangible personal property for storage, use or other consumption in this state."

The same section provides:

" 'Use' means and includes the exercise of any right or power incidental to the ownership of the thing used excepting as provided."

Sec 5546-26 GC provides that each consumer storing, using or otherwise consuming in this state, tangible personal property purchased for such purpose or purposes shall be liable for the tax, with certain exceptions and the same section provides

for the purpose of proper administration of this Act, it shall be presumed that tangible personal property purchased on or after January 1, 1936 by any person for delivery in this state is purchased for storage, use or other consumption in this state.

The affidavit is very inartificially drawn. It properly states that the defendant failed and refused to pay the full and exact tax, as required. It then seeks to inform the defendant that the tax is set forth in a certain assessment on the records of the Tax Commission of Ohio and filed with the Commission on January 4, 1937; that he failed to pay it after a copy of the assessment had been served upon him by registered mail. The affidavit does not inform the defendant as to the source of this tax or the reason why it was assessed against him nor does it give him any information by which he may ascertain the amount of the tax without going to the records of the commission.

Sec 5546-36 GC provides that if any person required by the Act to make a return, neglects and refuses to make such return, the commission shall have power to make an assessment. §5546-37 GC provides that any amount assessed by the commission, under either of the two preceding sections shall be due from the person against whom the assessment has been made after service of notice of such assessment and unless objected to within 15 days shall be deemed conclusive in the amount due.

Sec 5546-38 GC (now repealed January 24, 1938) provides that after the amount becomes due and payable the commission, through its deputies, in case of refusal, shall levy upon the goods of the person charged and sell same to pay the tax.

Sec 13432-18 GC provides the statutory form of affidavit as being sufficient, stating after the formal parts:

"Here describe the offense committed as nearly according to the nature thereof as the case may admit in ordinary and concise language."

There is no allegation anywhere that the defendant is a **consumer** as defined in the Act except the statement to the effect that the commission has assessed against him. the tax. To be a consumer he must have purchased the property for storage, use or other consumption in this state. It is true that the statute says that there is a presumption that property purchased after January 1, 1938, by any person for delivery in this state is purchased for storage, use or other con-

sumption. The affidavit, however, does not state that the property was purchased by the defendant for delivery in this state nor does it say that it was purchased outside of the state. It simply states that the tax was due under a certain assessment. The Act provides for assessments against persons other than one purchasing property, as under §5546-35, GC, so that the defendant was not advised as to the foundation of the assessment.

It is true that the notice of assessment advised the defendant that it "covers the purchase of an automobile from an out of state seller." But even this notice does not state that such seller "was engaged in the business of selling tangible personal property." If he was not so engaged, a purchase from him would not make the purchaser liable to the tax, as -26 exempts such property from the Use Tax.

We are of opinion that the affidavit does not state an offense against the defendant in such definite terms as to advise him of the offense with which he is charged. The burden could not legally be imposed upon the defendant of searching records in Columbus to ascertain the offense with which he was charged. Therefore, we are of the view that the Justice should have sustained the motion to quash and the demurrer and that the court below erred in not reversing the judgment against the defendant on account of the defects apparent on the face of the record.

## IS THE ACT UNCONSTITUTIONAL AS URGED BY COUNSEL FOR DEFENDANT-APPELLANT?

This presents a serious question and requires a close scrutiny of the provisions of the Constitution and of the enactment. The right to impose taxes is conferred upon the Legislative Branch by **Article II**, §1.

**Article XII**, §2 provides that "lands and improvements thereon shall be taxed by uniform rule according to value." §5 provides that every law imposing a tax shall state distinctly the object of the same, to which only it shall be applied. §10 provides laws may be passed providing for excise and franchise taxes.

## THE STATUTES.

The pertinent statutes are found beginning at §5546-25 GC. Part of these statutes became effective December 23, 1935, part January 1, 1937 and a small number January 24, 1938.

The defendant, appellant claims that these

sections are unconstitutional for the reasons set out at length in his brief, among which may be noted, that the Act does not impose the same burden on goods sold in inter-state commerce that it imposes on intra-state commerce and is hence discriminatory in that it fixes no tax upon the use of property sold within the state. Counsel urges strongly that it is the sale of the property as distinguished from the use of the property that is sought to be taxed and also urges that it is not an excise tax permitted by §10 of Article 12. As to this, it is held in **Saviers v Smith, 101 Oh St 132,** that this section of the Constitution authorizes the enactment of an excise tax, which is a tax imposed on the performance of an act, the engaging in an occupation, the enjoyment of a privilege and includes a tax on the operation of a motor vehicle on the public highways. We regard this case as disposing of the question as to whether this tax may properly be designated an excise tax levied on the storage, use or other consumption of tangible personal property as provided in §5546-26 GC.

There are a number of cases which have passed upon this or similar acts in sister states which will require our examination, which we will endeavor to do as briefly as possible consistent with the importance of the matter.

## IS THE ACT VIOLATIVE OF THE FEDERAL CONSTITUTION?

The case of Henneford v Silas Mason Company, decided by the Supreme Court of the United States March 29, 1937, 300 U. S. 577, 57 Supreme Court Reporter 524, reviews a case arising in the State of Washington and seems to us to determine the question as to the claimed violation of the Federal Constitution. Among other things it is there held that,

"Things acquired or transported in interstate commerce may be subjected to property tax, nondiscriminatory in its operation, when they have become part of common mass of property within state of destination, even though they are still in original packages."

"Things acquired or transported in interstate commerce may be subjected, when once they are at rest, to a nondiscriminatory tax upon use or enjoyment."

It is further held in substance that the right to use is only one of the privileges making up property or ownership and the state may tax such privileges collectively or distributively; the fact that the state tax was called an excise tax, did not make the state's power to impose it less, under the commerce clause, than had it been a property tax; the Washington statute levying a tax upon use but providing an offset if articles had been subjected to an equivalent sales tax either by that or some other state, as applied to materials purchased outside the state, is not violative of the commerce clause of the Federal Constitution. Such a tax is not invalid because its exemptions are more generous than would have been required. The Legislature has a wide range of choice in classifying and limiting subjects of taxation when the state Legislature, in enacting use tax, could make base as broad or narrow as pleased.

This case is too replete with illuminating principles to attempt to recite it in deatil. It is well worthy of close scrutiny. We may say, in passing, that we think the Washington use tax is much simpler in its machinery than that of Ohio where the scope of exemptions are rather difficult to determine, especially as to the credit to be given as against the use tax for any sum that may be paid under the regular sales tax. In the last paragraph the court seems to answer appellant's claim that the tax is, as a matter of fact, a tax upon the sale. The court answers an argument advanced that the tax, though in form upon the use was in fact upon the foreign sale and not upon the use at all, the form being a subterfuge. The court holds that the fact that the Legislature has chosen to lay a tax upon the use of chattels that have been bought does not make the tax upon the use a tax upon the sale. The Legislature has a wide range of choice in classifying the subjects of taxation.

Under the Ohio law there seems to be no definite exemption from the paying of the use tax upon articles bought in another state where a sales tax had been paid. Under the Washington law the amount that may have been paid upon a sales tax in the state of purchase can be credited upon the amount due on the use tax in the state of Washington. This seems to be more fair than the Ohio law, where a person may buy an article in another state and pay a sales tax in that state and yet be subject to the use tax in the state of Ohio. However, the court in the above case seems to answer this question in the caution that it has not meant that the allowance of a credit for other taxes paid to Washington made it

mandatory that there should be a like allowance for taxes paid to other states, from which it may be inferred that the fact that Ohio does not permit a credit for amount paid as a sales tax in another state in any way invalidates the law. The decision of the Court of Appeals in the Mason case, by divided court, may be found in 15 Federal Supplement 958. The majority opinion, holding the tax unconstitutional and violative of the commerce act, was reversed by the Supreme Court.

In the case of Vancouver Oil Co. v Henneford, Supreme Court of Washington, 49 Pac. Reporter 2nd, p. 14, in interpreting same law holds:

"State tax on merchandise brought into state from another state, or on its sale, whether in original packages or not, after it has reached its destination and is in state of rest, is lawful, providing tax does not work discrimination against merchandise because of its origin in another state."

## CASES INTERPRETING OHIO STATUTE.

In the State of Ohio v James Russell, 3 Ohio Opinions 421, decided by the judge of the Municipal Court of Summit County, it was held that the sales tax law is invalid by reason of the immunities and exemptions contained therein in violation of Article II, §26, of the Ohio Constitution, which provides that all laws of a general nature shall have a uniform operation throughout the state. The court points out the numerous exemptions from which it infers that the law does not have a uniform operation through the state. The decision of the court is interesting, but we are of the opinion that the court has misinterpreted the effect of the constitutional provision and has overlooked the right the Legislature has to classify property for purposes of taxation. It is true that §2 of Article XII provides that "real estate and improvements thereon shall be taxed by uniform rule according to value", but there seems to be nothing in that section that would be applicable to the right of the Legislature under §10 of the same Article to provide for excise and franchise taxes. There is no provision under that section intimating that they should be in uniform operation.

The case of the City of Xenia v Schmidt, 101 Oh St 437, opinion by Judge Wannamakes, furnishes an interesting discussion as to the presumption of the validity of the law and the right of the Legislature to classify property which is affected by the

law. It is there held that a legislative act is presumed to be within the constitutional power of the body making it and that presumption can not be overcome unless it appears that there is a clear conflict between the legislation in question and a provision of the Constitution; legislation must either expressly or by clear implication classify the persons and things upon which the law shall operate and classification is an inherent right of power in the Legislature, limited only by the Constitution and judicial instruction; a classification must not be arbitrary or evasive, but there must be a real and substantial distinction in the nature of the class or classes upon which the law operates and the Legislature has a wide discretion and classification will not be held invalid unless it is clearly and obviously unreasonable to the point of discriminating against members of the same class so as to deny them equal protection of the law.

" 'The validity of a law ought not, then to be questioned, unless it is so obviously repugnant to the Constitution, that when pointed out by the judges, all men of sense and reflection in the community may perceive the repugnancy'."

The court quotes Justice Ranney in Cincinnati, Wilmington & Zanesville Rd. Co. v County Commissioners, 1 Oh St 77 to the effect:

" 'It is only when manifest assumption of authority and clear incompatibility between the Constitution and the law appear, that the judicial power can refuse to execute it Such interference can never be permitted in a doubtful case'."

In Saviers v Smith, 101 Oh St 132, it is held that the power to tax is an attribute of sovereignty and is included in the general legislative power conferred by §1, Article II of the Constitution; that the provisions of §2, Article XII are a limitation on the general grant of power and under the general grant, the Legislature may tax rights, privileges and franchises. The opinion in this case is by Judge Johnson and quite interesting. The judge, on page 137, says:

"It may be said to be the settled law of this state that under our Constitution when property is taxed it must be taxed at its true value in money, by a uniform rule, and when a privilege is taxed it is required

that it should be taxed at its reasonable value. It would be wholly impracticable, if not impossible, to prescribe any general rule for the valuation of a franchise or a privilege. Therefore, the reasonable value in each set of circumstances should be fixed."

Commenting upon §10, Article XII providing for an excise and franchise tax, the court states, in substance, that an excise tax is a tax imposed on the performance of an act or engaging in an occupation or on the enjoyment of a privilege and the word has come to have a broader meaning and includes every form of taxation not a burden laid directly on persons or property.

"Before the court will hold a law unconstitutional on the ground that its provisions are unreasonable and excessive, and in violation of the safeguards provided by the Constitution, it must be made to clearly appear that the enforcement of the statute will result in such violation. Every intendment must be made in favor of the validity of the law, if it appears that the means adopted are suitable to the end in view, impartial in operation, not unduly oppressive upon individuals, and have a real and substantial relation to their purpose."

On page 143:
"The authorities agree that a statute is general and uniform if it operates equally upon every person and locality within the circumstances covered by the act, and when a classification has a reasonable basis it is not invalid merely because not made with exactness, or because in practice it may result in some inequality."

In the case of State ex Cooley v Thrasher, County Auditor, 130 Oh St 434, there is an interesting discussion as to the imposition of excise taxes.

In the case of State v Honaker, decided by Judge Mack of the Hamilton County Common Pleas Court, 25 Abs 634, it is held that the use tax is not a property tax but an excise tax within the meaning of the Ohio Constitution Article XII, §10 and does not contravene Ohio Constitution, Article XII, §2; Ohio has authority to impose a tax upon the use of tangible personal property which has been subject of inter-state

commerce and has come to rest and is being used in the state, and such tax does not conflict with either the commerce, due process or equal protection clauses of the Federal Constitution.

While we agree with the judge's decision, we are not prepared to say that the constitutional provisions should be differently interpreted because the expenses of governmental functions are increased and that new and unheard of necessities have arisen. We do not think it necessary to base our decision upon the changed conditions. If changed conditions require an amendment to the Constitution the people will attend to that, otherwise the courts should adhere to the Constitution as originally written.

The case of State v Fields, opinion by Judge Gilmore of Darke County, 25 Abs 638, (the instant case) sets out the opinion of the trial court. The court states:

"However, the court has examined the affidavit and it apparently properly informs the defendant of the charge against him sufficiently to comply with the law. It possibly would have been somewhat more informative had it contained an allegation as to the purchase price of the property in question; the court is unable to see from the transcript just how the Tax Commission arrived at the purchase price and the recital by the Justice in his transcript of what was testified to fails to disclose that such purchase price was ever established."

In the former part of this opinion, we have disagreed with the trial court in his position that the affidavit, as filed, was sufficient. We otherwise agree with the opinion of the court.

Counsel for appellant asserts that it is unconstitutional because it discriminates in imposing taxes on certain property, while it exempts other property. We think we have pointed out that, under the general power granted to the Legislature, it is invested with authority to make a law apply to persons, facts and circumstances and exempt others from its operation through the proper exercise of its right to classify. We would be compelled, if the position of counsel for appellant is correct in reference to the use tax to hold that the sales tax is equally violative of the constitution.

Counsel for defendant intimates that the law is unconstitutional for the reason that under its provisions the Tax Commission of Ohio may exercise certain functions which are essentially legislative in violation of §1,

Article II of the Constitution. There is a wide variety of cases touching upon this point. The Legislature may confer upon an administrative board powers to adopt subordinate rules of guidance.

"The true distinction therefore is between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring an authority or discretion as to its execution to be exercised under and in pursuance of the law. The first can not be done; to the latter no valid objection can be made."

Coady, Appellees v Leonard, 132 Oh St 329.

Distributing Co. v Davis, O. L. R. April 6, 1937, p. 70.

Miami County v Dayton, 92 Oh St 215.

State ex v Park District, 120 Oh St 464.

State ex v O'Brien, 130 Oh St 23.

Matz, Admr. v Cartage Co., 132 Oh St 271.

A close examination of §5546-26, GC, either as originally drawn or as amended, effective January 1, 1937, will disclose that certain property is exempted from the use tax by virtue of the fact that a tax has already been paid either by the seller of the property or through the instrumentality of the sales tax.

We are of the opinion that the use tax, as provided in the sections under investigation, does not violate any ▮▮▮ of the provisions of the Constitution, either Federal or State for any of the reasons urged by counsel for appellant or for any reason that we have been able to discover.

Having heretofore held that the court was in error in failing to reverse the Justice of the Peace for overruling the motion to quash and the demurrer for the reason that the affidavit does not sufficiently inform the defendant of the charge against him, the defendant is discharged.

BARNES, PJ, and HORNBECK, J, concur.