R. R. THOMAS, County Court Clerk, et al., Appellants,

v.

CITY OF ELIZABETHTOWN, Appellee.

Court of Appeals of Kentucky.

Nov. 5, 1965.

As Modified on Denial of Rehearing June 24, 1966.

W. Burton Cowley, Hardin County Atty., Elizabethtown, Cyril E. Shadowen, William S. Riley, Dept. of Revenue, Frankfort, for appellants.

J. Howard Holbert, Elizabethtown, William T. Carroll, Owensboro, for appellee.

HILL, Judge.

This is an appeal from a judgment exempting appellee, a fourth-class city, from the payment of taxes under KRS 138.460 on automobiles purchased by the city for municipal use.

Here is the pertinent part of the above statute:

"(1) A tax levied upon ninety percent of its retail price at the rate of three percent shall be paid on the use in this state of every motor vehicle, except those exempted by KRS 138.-470, at the time and in the manner provided in this section."

KRS 138.470 exempts vehicles sold to the United States or to the Commonwealth of Kentucky and vehicles registered or licensed in this state during the same or immediately preceding license period.

Prior to July 1, 1960, KRS 138.470 expressly exempted cities and other political subdivisions from the payment of this tax. By the 1960 amendment, the Legislature clearly demonstrated its intention not to exempt cities. There is no exemption, then, unless Section 170 of the Constitution of Kentucky provides one. It states: "There shall be exempt from taxation public property used for public purposes * * *."

In City of Louisville v. Cromwell, 233 Ky. 828, 27 S.W.2d 377, (1930), this Court thus stated the cardinal rule of interpretation:

"It seems to be the universal rule, and which is admitted by counsel for both sides in this case, that exemption from taxation is a matter of grace, to be granted or withheld by the sovereignty levying and collecting the tax, either by constitutional or statutory provisions. * * *"

And the same opinion so clearly states the proper rule of construction of such an exemption, we quote further:

"The general rule applicable to asserted rights of exemption from taxation is that the language of the instrument conferring the exemption *must be strictly construed*, since the right is a carved out one for the benefit of the claimant and which is not enjoyed by the inhabitants generally, and it is therefore a species of conferred special privilege which must be clearly stated and set forth before it will be given. * * *" (Emphasis added.)

Not only does the rule of strict construction apply to the kind of property, but the rule applies equally to the character of tax included in the exemption. We quote further from Cromwell cited by appellants:

"* * * the rule of strict construction applicable to rights of exemption from taxation applies, not only to the existence of the right at all, but likewise to its scope; i. e., the character of taxes to which the exemption applies. So that, although the right may be clearly given as to a particular class of property, still, unless the exempting language be such as to extend it to all classes of taxes, it will be confined to the one wherein it is so clearly made to appear. With the law in the condition, as so declared by the cited text authorities, we repeat that it would seem to clearly appear, under the strict construction rules above referred to, that the exemption provided for in section 170 of the Constitution refers *only to ad valorem taxes*. * * *" (Emphasis added.)

Let us see now whether appellees are exempt under Section 170. This involves a definition of what is meant by "public property," "public purposes," and "ad valorem." To take the easy phrase first, there can be little doubt but that the

police automobiles are used by the city for purely "public purposes." Neither can we detect any mystery or uncertainty in the meaning of "public property." Now, let us determine what is meant by "ad valorem" tax. Webster's New International Dictionary, Second Unabridged Edition, defines "ad valorem" as: "Literally, according to the value;—used especially to designate a duty or charge laid upon goods at a certain rate per cent upon their value as stated in their invoice, in opposition to a specific sum upon a given quantity or number; to designate an assessment of taxes against property, etc." This definition fits the tax in question like a pocket in a shirt. The rate is three per cent of ninety per cent of the value; so, it is clearly a tax based on value.

Inasmuch as Cromwell, supra, relied on so heavily by appellants, held that a flat rate per gallon tax on gasoline was not exempt under Section 170, we should undertake, if we may, to distinguish the Cromwell case from the case at bar. First, it was found in Cromwell that Section 170 applied only to an ad valorem tax. There the tax rate was a flat one per gallon, regardless of whether it be "regular or ethyl," "octane or otherwise." The question of value did not enter into the Cromwell tax; hence, the levy in Cromwell was not ad valorem. Therefore, the conclusion we reach herein, that the tax in question violates Section 170 of the Constitution, is not in conflict with the opinion in City of Louisville v. Cromwell. Of course, the distinction is fine, but we do not intend to be boastful or apologetic when we say that often the wheels of justice must grind "exceedingly fine." See also City of Owensboro v. Commonwealth, 105 Ky. 344, 49 S.W. 320, 44 L.R.A. 202 (1899); and Board of Education of Kenton County v. Talbott, 286 Ky. 543, 151 S.W.2d 42 (1941).

 The fact that the Legislature stated in 138.460 that the tax was being levied on the "use in this state of every motor vehicle," does not remove the tax from the exemption provided in Section 170. The nature and character of the tax is measured by its features and not by the name given it by the Legislature. It is fair to presume the writers of the statute in question did everything possible to avoid allowing an exemption.

 It may be said there is no difference between the tax in question and the general sales tax, but as pointed out in Marcum v. City of Louisville, Ky., 374 S.W.2d 865 (1963), the sales tax involves a transaction of purchase and sale, and is fixed upon the seller, whereas the use tax is not excised from or by reason of a transaction. Being a tax on the use and enjoyment of property, it is more akin to a tax on the property itself, an ad valorem tax, than it is to a simple excise tax such as the sales tax in the Marcum case and the gasoline tax in the Cromwell case.

Finally, it is our conclusion appellee and others like situated are exempt from the payment of the tax in question. The judgment is therefore affirmed.

WILLIAMS, Judge (dissenting).

Section 170 of the Kentucky Constitution exempts from taxation public property used for public purposes. Unfortunately for cities, in this instance, that exemption relates to property taxes and not to excise taxes. City of Louisville v. Cromwell, 233 Ky. 828, 27 S.W.2d 377 (1930).

The tax levied by KRS 138.460 is to be calculated by multiplying ninety percent of the retail price of the motor vehicle by three percent. The tax is based on the use of the motor vehicle and the statute says so. It is purely and simply a use tax.

By statute (KRS 138.470), motor vehicles sold to the United States or the Commonwealth of Kentucky are exempt from the use tax. Cities are not included.

The case of Marcum v. City of Louisville Municipal Housing Commission, Ky., 374

S.W.2d 865 (1964), stands only for the proposition that institutions of purely public charity are exempt from payment of the use tax. A city is not an institution of purely public charity. Charitable institutions are exempt from payment of taxes of every class by Section 170 of the Kentucky Constitution. Board of Education of Kenton County v. Talbott, 286 Ky. 543, 151 S.W.2d 42 (1941).

Use taxes are turned over to the State Treasurer for the benefit of the State Road Fund. KRS 138.460 and 186.260, and Kentucky Constitution, Section 230. It follows the same reasoning applies to a consideration of use taxes as was applied to the consideration of gasoline taxes in City of Louisville v. Cromwell, supra.

A general statement of the prevailing law is found in 51 Am.Jur., Taxation, Section 558:

"While generally it is assumed, in the absence of expression of clear intent to the contrary in the taxing statutes, that property of municipal corporations and other subdivisions of the state is exempt from property taxes, such exemption does not, according to many courts, exist with reference to excise and privilege taxes, and as to such taxes municipal corporations are liable unless there is an express exemption in the tax statute. Moreover, when there is an express constitutional or statutory provision for the exemption of municipal corporations from taxation, such provision will be construed to apply only to ad valorem taxes on specific property, and not to exempt such bodies from license and excise taxes. * * *"

I recognize the need of cities for financial relief, but, under the law, they are not exempt from payment of the use tax. I therefore respectfully dissent from the majority opinion.

Judge MILLIKEN joins in this dissent.