COMMONWEALTH of Kentucky, ex rel. James E. LUCKETT, Commissioner of Revenue, Appellant,

v.

CITY OF ELIZABETHTOWN and Kentucky Board of Tax Appeals, Appellees.

Court of Appeals of Kentucky.

Dec. 6, 1968.

William S. Riley, Cyril E. Shadowen, Dept. of Revenue, Robert Matthews, Atty. Gen., Frankfort, for appellant.

John L. Arnett, Faurest, Collier, Arnett, Hensley & Coleman, Elizabethtown, for appellees.

William E. Gary, III, Sandidge, Holbrook, Craig & Hager, Owensboro, amicus curiae.

OSBORNE, Judge.

The sole question presented upon this appeal is whether the City of Elizabethtown is liable for use tax under KRS 139.310 for certain items of equipment purchased outside of the state. The Board of Tax Appeals held that the city was not liable. This ruling was affirmed by the Franklin Circuit Court. The pertinent part of KRS 139.310 reads as follows:

"An excise tax is hereby imposed on the storage, use or other consumption in this state or tangible personal property purchased on or after July 1, 1960, for storage, use or other consumption in this state at the rate of three percent of the sales price of the property."

It is contended by the appellee, City of Elizabethtown, that the city is not liable for this tax because it violates section 170 of the Kentucky Constitution. Section 170 provides:

"There shall be exempt from taxation public property used for public purposes * * * crops grown in the year in which the assessment is made, and in hands of the producer; and all laws exempting or commuting property from taxation other than the property above mentioned shall be void. The General Assembly may authorize any incorporated city or town to exempt manufacturing establishments from municipal taxation, for a period not exceeding five years, as an inducement to their location."

Appellee, City of Elizabethtown, cites and relies primarily upon Thomas v. City of Elizabethtown, Ky., 403 S.W.2d 269 (1966), insisting that there is no distinction between the tax imposed on motor vehicles under KRS 138.460 as was the case in Thomas and the one imposed here under KRS 139.310. With this contention, we must agree. If the Thomas case is good law, then most certainly it settles the issue between the parties in this proceeding and the action of the Board of Tax Appeals and the circuit court will have to be affirmed.

Appellant, Commissioner of Revenue, insists that the Thomas case is wrong in holding the use tax to be an ad valorem tax rather than an excise tax and for this reason the city is not exempt under the provisions of section 170 of the Constitution. It now seems that the problem before us divides itself into two propositions:

1. Is the use tax an ad valorem tax or an excise tax?

2. If the use tax is an excise tax, can the city still be exempt under section 170 of the Constitution?

To approach these questions in their respective order we first must attempt to classify the tax. In George v. Scent, Ky., 346 S.W.2d 784, we described the tax as a complement to the sales tax designed to form a comprehensive tax system and labeled it an excise tax. It is generally held that this tax is an excise tax and not an ad valorem tax. City of Phoenix v. State, 53 Ariz. 28, 85 P.2d 56 (1938); Connecticut Light & Power Co. v. Walsh, 134 Conn. 295, 57 A.2d 128, 1 A.L.R.2d 453 (1948); Whitehead & Kales Co. v. Green, 113 So.2d 732, 734 (Fla.Dist.Ct.App.1959); Lane Const. Corp. v. Comptroller of Treasury, 228 Md. 90, 178 A.2d 904 (1962); State ex rel. Transp. Mfg. & Equip. Co. v. Bates, 359 Mo. 1002, 224 S.W.2d 996 (1949); Watson Indus. v. Shaw, 235 N.C. 203, 69 S.E.2d 505 (1952); Broadacre Dairies v. Evans, 193 Tenn. 441, 246 S.W.2d 78 (1952); Gordon v. State, 166 Tex.Cr.R.

24, 310 S.W.2d 328 (1956); Ralph Child Const. Co. v. State Tax Comm'n, 12 Utah 2d 53, 362 P.2d 422 (1961); Layne Central Co. v. Curry (1942), 243 Ala. 165, 8 So.2d 839; Brandtjen & Kluge v. Fincher (1941) 44 Cal.App.2d Supp. 939, 111 P.2d 979; Mouledoux v. Maestri (1941) 197 La. 525, 2 So.2d 11; Banner Laundering Co. v. State Bd. of Tax Administration (1941) 297 Mich. 419, 298 N.W. 73; State v. Fields (1938) 27 Ohio Law Abst. 662, 35 N.E.2d 744.

■ It now appears that our classification of the tax as an ad valorem tax in Thomas v. City of Elizabethtown, supra, was an unfortunate classification and should be corrected. See 55 KLJ 449, 450, 451 for a critical analysis of this decision which appears to have considerable merit.

Having concluded that the use tax is an excise tax we now come to our second problem, which is, whether the city is exempt under section 170 of the Constitution from payment of this tax.

We have uniformly held that section 170 of the Constitution only applies to ad valorem taxes. City of Louisville v. Cromwell, 233 Ky. 828, 27 S.W.2d 377; City of Mt. Sterling v. Montgomery County, 152 Ky. 637, 153 S.W. 952, 44 L.R.A.,N.S., 57.

■ As the tax is not an ad valorem tax exempt under section 170 of the Constitution the only other logical basis to support its exemption would be if the incidence of the tax is so similar to an ad valorem tax that by virtue of this fact alone it would be brought under the protection of the Constitution. The tax, strictly speaking, is not upon the property per se. It is levied upon the transfer presumably for its use, storage or consumption within this state. In theory it would appear from the statute that the tax is in reality a tax upon the right to use property upon which a sales tax has not been paid. Section 170 of the Constitution exempts the city from tax upon "public property used for public purposes." As this tax is a tax upon the use of the property it would seem that if the property is used for public purposes then the incidence of the tax is identical to that of any other ad valorem tax, therefore, even though it be, strictly speaking, an excise tax it would violate the exemption provided by the Constitution because it is in fact a tax upon the use of public property used for public purposes. As a strictly logical proposition it is difficult to see what is to be gained by one governmental unit taxing another. It is probably because of this fact that we have in the past endeavored to exonerate the city when at all possible. However, strictly speaking, this is a matter for the legislature and if the legislature sees fit to levy a tax in favor of one governmental unit against another, it undoubtedly has the power to do so unless the levy violates some specific provision of the Constitution.

■ It is our opinion that the tax levied by KRS 139.310 is an excise tax the incidence of which is so similar to that of an ad valorem tax as to render its enforcement against cities unconstitutional.

The judgment is affirmed.

MONTGOMERY, C. J., and HILL, MILLIKEN, and PALMORE, JJ., concur.

STEINFELD and WILLIAMS, JJ., dissent.

WILLIAMS, Judge (dissenting).

For the same reasons stated in the dissenting opinion in Thomas v. City of Elizabethtown, Ky., 403 S.W.2d 269 (1966), I respectfully dissent from the majority opinion.

STEINFELD, J., joins in this dissent for the same reasons.