· THE STATE OF MISSOURI, at the Relation of TRANSPORT MANUFACTUR- ING AND EQUIPMENT COMPANY, a Corporation, Relator, v. G. H. BATES, Director of Revenue of the State of Missouri, RALPH COPHER, Collector of Revenue of the State of Missouri, and JOHN H. ALLISON, Supervisor of Motor Vehicle Registration of the State of Missouri, Respondents, No. 41456—224 S. W. (2d) 996.

Court en Banc, November 14, 1949.

Rehearing Denied, December 12, 1949.

*Hendren & Andrae* by *John H. Hendren* and *Henry Andrae* for relator; *Berryman Henwood* of counsel.

1004

*J. E. Taylor,* Attorney General, *Arthur M. O'Keefe* and *Robert R. Welborn,* Assistant Attorneys General, for respondent.

 CONKLING, J.—This original action in mandamus presents to us the question of the constitutionality of the statute imposing a 2% use tax on motor vehicles required to be registered in Missouri, and upon which the 2% sales tax was not paid to the state. Laws of Missouri, 1947, Vol. II, pages 431 to 436, particularly Section 11412. Relator's petition prayed our writ requiring respondents to issue to it a Certificate of Title for a truck-tractor purchased by it in North

Carolina. Relator's petition was taken by respondents as and for the alternative writ. Respondents filed their return. Relator then filed a motion for judgment on the pleadings.

Relator, an Illinois corporation doing business in North Kansas City, Missouri, purchased the truck-tractor in and accepted delivery at Henderson, North Carolina. It caused the vehicle to be driven to Missouri for use on Missouri highways. It later made application to respondents for a Certificate of Title and tendered the proper fees. No sales tax was paid to the State of Missouri. The vehicle was not registered in any other state. Respondents refused to issue the Certificate of Title and demanded payment of the use tax as provided in the above Act. Relator refused to pay that tax.

Relator challenges the validity of the statute with these main contentions, (1) that the Act contains more than one subject, in violation of Section 23 of Article III of the Constitution, and (2) that the use tax imposed is not uniform because other motor vehicles (those "having a seating capacity of ten passengers or more") by the Act are exempt from the tax in violation of Section 3, Article X of the Constitution.

The Act in question repeals and re-enacts five sections of the Sales Tax Act; Section 11412 transfers from the vendor to the State Director of Revenue the duty to collect sales taxes on motor vehicles; Subsection (c) of Section 11412 levies an additional use tax for the use of the state highways upon motor vehicles required to be registered in Missouri; Subsection (d) of Section 11412 exempts from the use tax any motor vehicle upon which the sales tax has been paid to Missouri; and the Act provides that the payment of either a sales tax or a use tax is a condition precedent to the right of an owner to be issued a Certificate of Title for a motor vehicle. No general use tax was enacted.

Relator contends the Act contains "two unrelated incongruous subjects, first, the sales tax on the purchase price of motor vehicles purchased in this state; and, second, a use tax on motor vehicles purchased outside this state but acquired for use on the highways of this state". Relator's position is that the Act violates the Constitution "in attempting to engraft a use tax upon the sales tax and to make the provisions for the use tax a part of the sales tax act".

■ Are sales taxes and use taxes on motor vehicles so incongruous and unrelated as to subject matter that, included in a single statute the prohibition of Section 23 of Article III is here violated?

We have uniformly given a broad and reasonable construction to Section 23 of Article III of the Constitution which declares that no bill shall contain more than one subject which shall be clearly expressed in the title. State ex inf. McKittrick v. Murphy, 347 Mo. 484, 148 S. W. (2d) 527, Thomas v. Buchanan County, 330 Mo. 627, 51 S. W. (2d) 95. And while that section of the Constitution is man-

datory and subjects having no legitimate connection or natural relation cannot be joined in one bill, yet if the subjects covered by an Act are naturally and reasonably related, and have a natural connection with each other then the subject is single. Thomas v. Buchanan County, supra, Edwards v. Business Men's Assurance Co., 350 Mo. 666, 168 S. W. (2d) 82. It is not required that every separate tax or every separate legislative thought be in a different bill, but it is sufficient if the matters in an Act are germane to the general subject therein. Spitcaufsky v. Hatten, 353 Mo. 94, 182 S. W. (2d) 86, 160 A. L. R. 990, Brown v. State, 323 Mo. 138, 19 S. W. (2d) 12.

█ A sales tax is one imposed at the time of purchase. A use tax, presupposing ownership, is an excise imposed on the enjoyment of property in a contemplated manner. But the sales taxes and use taxes here under consideration are naturally related. In their every characteristic they are designed and enacted to supplement and complement each other. The legislative intention as to this use tax is to so complement the sales tax on motor vehicles that motor vehicles sold in or used in the state attain a parity of taxation for the support of the state government. Henneford v. Silas Mason Co., 300 U. S. 577, 57 S. Ct. 524, 81 L. Ed. 814, Morrison-Knudsen Co. v. State Board of Equalization, 58 Wyo. 500, 135 Pac. (2d) 927, In re Los Angeles Lumber Products Co., 45 Fed. Supp. 77. The two taxes are intended to and do bring about the same result. Each are taxes. Each are taxes upon an identical class of personal property. They tax different phases of the privilege of purchasing, owning and using motor vehicles upon the highways of the State. The payment of the sales tax or the payment of the use tax is a condition precedent to the issuance by the state to the owner of a title certificate to the motor vehicle. The payment of the tax in either instance (sales tax or use tax) brings about the same result, the right to be issued a Certificate of Title. As to each class of motor vehicles (those purchased within and those purchased without the state) the use tax but equalizes the State's burden of raising revenue.

The validity and constitutionality of such a use tax is no longer open to question. Henneford v. Silas Mason Co., supra. See also, Nelson v. Sears Roebuck & Co., 312 U. S. 359, 61 S. Ct. 586, 85 L. Ed. 888, State ex rel. Hansen et al. v. Salter, 190 Wash. 703, 70 Pac. (2d) 1056, and annotations, 129 A. L. R. 222, 153 A. L. R. 609. In the Nelson case the court said: ". . . it is one of the well-known functions of the integrated use and sales tax to remove the buyers' temptation 'to place their orders in other states in the effort to escape payment of the tax on local sales' ". That the General Assembly so amended the Sales Tax Act by including in such amendment a use tax on motor vehicles, and that as an incidental result thereof local retail sellers of motor vehicles attain a competitive position with sellers

in other states where a corresponding tax burden does not exist, does not render the subject of the Act double and therefore unconstitutional.

In 1927 the General Assembly amended an Act of 1917 providing for inheritance taxes by levying therein an excise in the nature of a transfer tax on the right to transmit property. Each were taxes. The one was an inheritance tax, the amendment was a transfer tax. In Brown v. State, supra, we held they were clearly and reasonably related and that the Act contained but one subject.

The applicability to the instant facts of the authorities cited in relator's brief is not pointed out. Relator's brief merely states that a sales tax and a use tax on motor vehicles "are two different kinds of taxes, based on different facts and subject to different constitutional limitations."

We hold that under the instant circumstances the use tax on motor vehicles is legitimately connected and naturally related to the subject of sales taxes. Each tax is a related portion of a comprehensive tax system. A complementary use tax on motor vehicles enacted as an amendment of a same purpose Sales Tax Act did not violate the constitutional provision. Each is clearly germane to the other.

Relator next contends the tax levied is not "uniform upon the same class of subjects" as required by Section 3 of Article X of the Constitution because purchasers of "motor vehicles having a seating capacity of ten passengers or more" by the Act are exempt from the payment of the tax. Subsection (d) of Section 11412.

With wide discretion the General Assembly may make classifications for taxation purposes, but it is uniformly held that persons or property to be taxed may not be classified "without reason or necessity". There is no precise yardstick as to reasonableness of classification and the rule of equality of necessity often tends to practical inequalities. Taxation is not an exact science and tax acts are not to be condemned merely because unavoidable inequalities may result. But the classification cannot be "palpably arbitrary". And while the General Assembly may enact statutes applicable to and classifying certain persons or property for taxation purposes yet such classification must include all persons or objects naturally falling within the class. Constitutional class taxation must include within the established class all who belong in it and must exclude all who do not belong in it. All in each natural class must be taxed or exempted alike. A natural class may not be split. The Legislature may not arbitrarily designate for taxation a portion only of a separate class and thus exclude a portion which reasonably should be included and taxed. The tax imposed must apply alike to all naturally and reasonably within the classification set up by the statute. "The demands of the organic laws are satisfied if all similarly situated are included and none are omitted whose relationship to the subject-matter cannot by reason be distinguished from that of those included".

Exemptions from the class to be taxed must be founded upon some rational basis. The use of exemption provisos in such legislation to limit the boundaries of the class established must rest upon some sound reason of public policy. To warrant the taxing of one object or person and the exemption of another object or person within the same natural class, the exemption must be founded upon a reason public in nature which in a reasonable degree, at least, would justify restricting the natural class. Exemptions from taxation are a renunciation of sovereignty, must be strictly construed and generally are sustained only upon the grounds of public policy. They should serve a public, as distinguished from a private, interest. Such is the basis of equal and uniform taxation. Ballentine v. Nester, 350 Mo. 58, 164 S. W. (2d) 378, and cases cited, City of Cape Girardeau v. Groves Motor Co., 346 Mo. 762, 772, 142 S. W. (2d) 1040, 1045, Heil v. Kauffman, 354 Mo. 271, 189 S. W. (2d) 276, State ex inf. Taylor v. Currency Services, 358 Mo. 983, 218 S. W. (2d) 600, Massey-Harris Harvester Co. v. Federal Reserve Bank of Kansas City, 340 Mo. 1133, 104 S. W. (2d) 385, 111 A. L. R. 133, State ex rel. Rolston v. C. B. & Q. R. Co., 246 Mo. 512, 152 S. W. 28, 51 Am. Juris., Taxation, § 504, 512.

The Legislature could designate as a class, for use tax purposes, motor vehicles upon which sales taxes have not been paid to Missouri, and which are required to be registered in Missouri. But in the light of the applicable principles, what of the legislative exemption excluding the purchases of such buses from the payment of the use tax? Is there any warrant in law for exempting buses at all from the above classification? Is there any rational basis whatever for splitting buses into two classes, taxing smaller ones and exempting larger ones seating ten passengers or more?

We have carefully considered the cases cited and the argument advanced by respondents. And we have carefully examined the Act for some indication of reasonable or public purpose in writing in the instant exemption, but none is found therein.

The rule of uniformity permits the legislative creation of reasonable exemptions in furtherance of the public good or for a reason public in nature. But the particular exception here considered does not fall within that category of exemption. Here a sizable segment of the motor vehicles in today's use are excised out of the class created and without reason or rational basis therefor, and for no public purpose are arbitrarily exempted. This exemption must be ruled to be an unsound and unreasonable one. The motor vehicles exempted naturally fall within the classification made by the statute. Reason cannot distinguish those motor vehicles exempted from the class from those left within the class to be taxed. Reason suggests no difference in circumstance between those vehicles left in and those exempt from the class which could warrant the imposition of the tax only upon the former. This exemption would but grant a special privilege (the

freedom from use taxes) to transactions involving motor vehicles of a passenger capacity of ten or more. To do that violates the basic principle of equal and uniform taxation.

█ But respondents contend that even if we should hold (as we do above) that, as the Act is now written, the tax violates the uniformity requirement of the Constitution because of the exemption above noted, that "the exemption should be considered void and the Act should remain in effect". Does the invalid exemption invalidate the entire Act?

Respondents thus invoke the principle that the invalidity of part of a statute does not render the remainder of the statute invalid where enough remains after discarding the invalid part, to show the legislative intent with respect to it and to furnish sufficient means to effectuate such intent. State ex rel. Randolph County v. Walden, 357 Mo. 167, 206 S. W. (2d) 979, Household Finance Co. v. Shaffner, 356 Mo. 808, 203 S. W. (2d) 734. It is generally true if the invalid provision of a statute and the residue thereof are wholly independent of each other, readily separable, and completely distinct; and if the residue is of itself complete, sensible and capable of being executed that the invalid provision will fall and the residue of the statute will stand. State ex rel. Fire District of Lemay v. Smith, 353 Mo. 807, 184 S. W. (2d) 593, Poole & Creber Market Co. v. Breshears, 343 Mo. 1133, 125 S. W. (2d) 23, Allen v. City of Louisiana, 103 U. S. 80, 26 L. Ed. 318.

But in the instant case the just above stated rules are subject to the following modifications. The fact that the residue of an act remaining after a portion has been declared invalid may be complete in and of itself is not always sufficient to sustain it. If the invalid portion is so connected with the residue of the statute as to furnish the consideration for the enactment of the residue and as to warrant the belief that they were intended as a whole and that the Legislature would not have passed the part remaining had it known the other part would be held invalid, then the entire act must fall. State on inf. McKittrick v. Cameron, 342 Mo. 830, 117 S. W. (2d) 1078, Poole & Creber Market Co. v. Breshears, supra. And where this character of exemption or excepting proviso of a taxing statute is found to be unconstitutional, the substantive provisions which it qualifies cannot stand. The courts have no power by construction to extend the scope of a taxing statute and make it applicable to those to whom the General Assembly never intended it should apply, thus taxing those whom the Legislature said shall not be taxed. State ex rel. Rolston v. C. B. & Q. R. Co., supra, State ex rel. McDaniel v. Schramm, 272 Mo. 541, 199 S. W. 194, State ex rel. Johnson v. C. B. & Q. R. Co., 195 Mo. 228, 93 S. W. 784, Rutgers Chapter v. City of New Brunswick, (N. J.) 28 Atl. (2d) 759, Frost v. Corporation Commission, 278 U. S. 515, 49 S. Ct. 235, 73 L. Ed. 483, Davis v. Wallace, 257 U. S. 478, 42 S. Ct. 164, 66 L. Ed. 325, State v. Inland Empire Refineries, 3 Wash. (2d) 651,

101 Pac. (2d) 975, cert. den. 85 L. Ed. 464, Eliasberg Bros. Merc. Co. v. Grimes, 204 Ala. 492, 86 Sou. 56, Williams v. Standard Oil Co., 278 U. S. 235, 49 S. Ct. 115, 73 L. Ed. 287, Hill v. Wallace, 259 U. S. 44, 42 S. Ct. 453, 66 L. Ed. 822.

Here the provision exempting "motor vehicles having a seating capacity ▮▮▮▮▮ of ten passengers or more" limits the natural class upon which the tax is laid. The instant exemption provision points unerringly to the legislative purpose and without any doubt forms a portion of the inducement for the passage of the Act. Otherwise no such exemption would have been written into the Act. If we were to strike the exemption and declare that the residue of the Act should nevertheless stand we would thus make subject to taxation those whom the General Assembly declared should not be taxed. We cannot broaden the scope of the Act and extend the tax to others. For us to do that would be a judicial invasion of the functions of the Legislature. To hold this tax valid and the exemption void, to hold the two provisions separable, distinct and independent of each other, we would write a new law rather than consider and construe this statute as it was written. We cannot write a new law, nor can we amend this one by construction.

In Davis v. Wallace, supra, Mr. Justice Van Devanter said: "Here the excepting provision was in the statute when it was enacted, and there can be no doubt that the Legislature intended that the meaning of the other provisions should be taken as restricted accordingly. Only with that restricted meaning did they receive the legislative sanction which was essential to make them part of the statute law of the state; and no other authority is competent to give them a larger application".

It is obvious that to strike the exemption and hold the portion of the Act levying the use tax to be independent, separable and valid (as urged by respondents) would but bring about a result the Legislature not only did not intend but one they carefully sought to avoid. The invalid exemption renders that portion of this Act levying the use tax herein considered invalid since the impositon of such tax, without the exemption, would be other than that which the General Assembly intended and enacted. We cannot free the use tax levied from the unconstitutional taint of the condemned exemption. The portion of the Act levying the use tax must fall with the invalid exemption. For these reasons the use tax levied in the Act is violative of Section 3 of Article X of the Constitution.

▮▮▮ The writ of mandamus prayed by relator is ordered issued and is hereby made peremptory. All concur.