**STATE ex rel. the CONSERVATION COMMISSION of the State of Missouri, Relator,**

v.

**James T. LePAGE, Director of the Department of Revenue, Respondent.**

**No. 60271.**

Supreme Court of Missouri,
En Banc.

April 28, 1978.

J. Michael Davis, S. Joel Wilson and J. Kent Lowry, Asst. Attys. Gen., Jefferson City, for respondent.

Cullen Coil, Jefferson City, for amici curiae.

MORGAN, Chief Justice.

In this original proceeding in mandamus, the Conservation Commission of Missouri seeks to compel the Director of Revenue for the State of Missouri to collect (in motor vehicle and trailer transactions) the additional sales tax imposed by amended Article IV of the Constitution of Missouri.

§§ 43(a), 43(b) and 43(c) of Article IV,[1] by initiative petition, were submitted to the voters on November 2, 1976, and upon approval became effective on July 1, 1977.

Of immediate interest is that part of § 43(a) which provides that: ". . . an additional sales tax of one-eighth of one percent is hereby levied and imposed upon all sellers for the privilege of selling tangible personal property or rendering taxable services at retail in this state * * * subject to the provisions of and to be collected as provided in the 'Sales Tax Law' and subject to the rules and regulations promulgated in connection therewith . ."; and, that part of 43(c) which provides that the same ". . . shall be self-enforcing . . ."

Respondent, pursuant thereto, began collecting the additional tax on July 1, 1977, including that imposed upon the sale of motor vehicles and trailers. The basic sales tax, reference motor vehicles and trailers, is in § 144.070, RSMo Supp.1975. The added tax, however, was not collected on motor vehicle and trailer transactions ordinarily collected under § 144.440, but there is no dispute in that regard.

On July 18, 1977, respondent advised relator that the tax so imposed (in the opinion of the Department) did not apply to any motor vehicle and trailer transactions and discontinued collecting the same. This proceeding followed and an alternative writ was issued.

Cyril Hendricks and Joseph A. Derque, III, Jefferson City, for relator.

1. Attached hereto in an appendix.

The basic issue involves the nature of the tax imposed by § 144.070. Relator contends the added tax applies to all of the Sales Tax Law and specifically § 144.070. Respondent disagrees only as to the latter by submitting that § 144.070, unlike other provisions of the Sales Tax Law and the "wording" of the constitutional amendment, is not a tax upon the seller for the privilege of selling, but is a tax imposed upon the purchaser. Said section does provide that the purchaser of a motor vehicle or trailer shall pay the tax directly to the Director of Revenue at the time said purchaser seeks a certificate of title and registration. In all other sales, the purchaser pays the tax to the seller who in turn pays the tax to the Director.

There has already been a great deal of litigation in Missouri concerning the Sales Tax Law and it should be helpful to review a bit of that history.

In 1965, this court stated:

". . . our first sales tax was expressly enacted as a gross receipts tax imposed for the privilege of engaging in the business of retail sales . . . This law was repealed in 1935 and replaced by a tax 'upon every retail sale of tangible personal property . . .' Laws 1935, p. 411 et seq. It is significant to note that Missouri, after a trial of approximately one year, thus abandoned the idea of a privilege tax on gross receipts; . . ." *Automatic Retailers of America, Inc. v. Morris,* 386 S.W.2d 901, 903 (Mo. banc 1965).

In that case, the court went on to hold that the existing Sales Tax Law was a transaction tax imposed directly upon the purchaser.

The legislature's response was to amend the Sales Tax Law to contain its present terms.

This court examined the law, as amended, in *Fabick and Company v. Schaffner,* 492 S.W.2d 737 (Mo.1973) and noted that:

"The legislative purpose in the 1965 amendments to change the state sales tax from a transaction tax to a gross receipts tax could hardly have been more clearly expressed. § 144.021 clearly states that

the tax is imposed upon the privilege of selling at retail, with the 'primary tax burden * * * upon the seller,' who is required to remit tax at three per cent of his gross receipts. The provision of § 144.080.3 which spelled out that the prior tax was 'a tax upon the sale' was repealed." Id. at 743.

This court again considered the question of whether the Sales Tax Law, as amended in 1965, constituted a tax on the purchaser or the seller and stated, "We reaffirm that the *entire tax imposed by Chapter 144* is a gross receipts tax." (Emphasis added.) *Virden v. Schaffner,* 496 S.W.2d 846, 848 (Mo.1973).

Finally, the court considered the matter for a third time in *Farm and Home Savings Ass'n v. Spradling,* 538 S.W.2d 313 (Mo. 1976) and again declared that the entire tax is a gross receipts tax imposed upon the seller. Id. at 316.

Relator places great emphasis on the language of this trilogy in support of its contention that the entire tax, including § 144.-070, on motor vehicles and trailers is a gross receipts tax imposed upon the seller.

Respondent correctly points out that none of the three cases dealt specifically with the motor vehicle and trailer provisions. Respondent further points out that in § 144.-070 the purchaser pays the tax directly to the director of revenue, eliminating the seller as a middle man for passing the tax along. For this reason, respondent suggests the motor vehicle and trailer sections are different in that the real *and* legal incidence of the tax falls upon the purchaser in § 144.070.

However, the fact that the purchaser directly pays the tax on motor vehicles and trailers does not convince us that the "legal incidence" of the tax is upon the purchaser. We see no real distinction in this regard, between the bulk of the Sales Tax Law, which is covered by a bracket system for payment, and § 144.070. In *both* cases it is the purchaser who really bears the brunt of paying the tax. The difference is only as to whom he pays that tax. With the bracket

system he pays it to the seller who then remits. In reference to § 144.070, the middle man is simply eliminated for collection purposes.

It is worth noting that under the bracket system, § 144.060 requires the purchaser to pay the tax to the seller, providing punishment for a misdemeanor in the event of willful or intentional refusal to pay. § 144.080 prohibits any seller from advertising that he will absorb the tax, again under penalty of a misdemeanor. Thus, it is clear that while this court has referred to ". . . The seller as the person upon whom the primary obligation to pay the sales tax is imposed . . ." in reality the purchaser or consumer foots the ultimate bill under the Sales Tax Law. Yet, that has not prevented this court from finding repeatedly that the tax, in its entirety, is a gross receipts tax upon the seller. In *Farm and Home Savings Ass'n v. Spradling*, supra, this court clearly stated:

> The sales tax is a tax upon the gross receipts of the seller. *The fact that section 144.060, RSMo 1969, imposes the duty upon the purchaser to pay the amount of the tax to the seller does not alter the legal nature of the tax. In Ferrara v. Director, Division of Taxation,* 127 N.J.Super. 240, 317 A.2d 80, 83 (1974), it was said, '. . . *the mere fact that it may be universally recognized that the ultimate economic burden of a tax is passed on to the consumer does not determine the legal incidence of the tax. Traditionally, the economic burden of all taxes, like costs in general, is passed down to the consumer level.*' See also *Martin Oil Service, Inc. v. Department of Revenue,* 49 Ill.2d 260, 273 N.E.2d 823 (1971), cert. denied, 405 U.S. 923, 92 S.Ct. 961, 30 L.Ed.2d 794.

This case, obviously, diminishes the weight of respondent's argument that if the true incidence of the tax falls on the purchaser, the legal incidence also falls on the purchaser. In this regard, § 144.070 simply provides for a different manner of collecting the tax in the case of motor vehicles and trailers and does *not purport to impose a wholly different type of tax.*

A careful reading of pertinent sections of Chapter 144 leads to the same conclusion.

§ 144.020.1 states: "A tax is hereby levied and imposed upon all sellers for the privilege of engaging in the business of selling tangible personal property or rendering taxable service at retail in this state."

§ 144.021 states that: "The primary tax burden is placed upon the seller . . ." That section refers to § 144.070 only to say it is excluded to ". . . the extent to which a seller is required to collect the tax from the purchaser . . ." under the provisions of § 144.285.

§ 144.030 deals with exemptions from the provisions of the Sales Tax Law and makes no mention of motor vehicles and trailers.

§ 144.070 specifically refers to the tax provided under §§ 144.010 to 144.510, indicating that the tax itself is levied in another section and that there is no unique and separate tax for motor vehicles and trailers.

■ We find no language in these sections that would indicate that § 144.070 creates a separate tax. This section seems merely to make a special provision for the collection of the general sales tax in regard to motor vehicles and trailers and nothing more. We will not read into a tax exemptions that do not clearly appear therein. *Farm and Home Savings Ass'n v. Spradling,* 538 S.W.2d 313, 319 (Mo.1976).

Respondent refers to § 144.020.1(8) as evidence that the legislature has long treated motor vehicle and trailer transactions differently from other transactions which are subject to the general sales tax. However, that subsection merely indicates that the tax paid as provided in § 144.070 (and ·§ 144.440 not in dispute here) shall be paid as provided in that section and that ". . . no such tax shall then be collected on the rental or lease of motor vehicles and trailers, except as provided in § 144.070; . . ."

■ Again, this merely indicates a different manner of collection of the tax. If the

legislature had intended to create a distinct tax apart from the general sales tax on these transactions, it would have expressed itself more definitively. Words used in statutes are to be considered in their plain and ordinary meaning to ascertain the intent of the lawmakers. *State v. Kraus,* 530 S.W.2d 684 (Mo. banc 1975). We find no clear intent to distinguish a tax on motor vehicles and trailers from the rest of the Sales Tax Law except as to the manner of collection.

Finally, respondent suggests that if relator's position is sustained, the sales tax would be interpreted as being imposed upon the seller for the privilege of selling, but would be measured by the degree to which another person (the purchaser) exercised a privilege unique to him, that is, making application for title and registration at the time and in the manner required by law. Respondent argues that such a result would create a situation in which the "thing" taxed, the privilege of selling, is not taxed uniformly and thus long-standing principles of constitutional law would be contravened.

Again, we acknowledge the difference in the manner of collection between the bracket system and § 144.070. Under the bracket system, § 144.060 makes it a misdemeanor for any purchaser to fail to pay a seller the sales tax. Further, the seller is not relieved of his obligation to pay the state the sales tax even though unable to collect it from the purchaser. Finally, under the bracket system, the seller must file a written return on the sale. Under the motor vehicle and trailer section, it is not a misdemeanor for the purchaser to fail to pay, nor is the seller still liable if the purchaser does not pay, nor must the seller file a return.

The difference in manner of collection *and enforcement* is clear. Under § 144.070 the seller is not liable for a purchaser's non-payment and the purchaser is not criminally liable for his own non-payment. However, § 301.190 does make it unlawful for any person to operate in this state a motor vehicle or trailer required to be registered under the provisions of the law unless a certificate of ownership has been issued.

Thus, a sanction for enforcement does exist, albeit different from that used under the bracket system.

■ That difference is not crucial. It is the settled law of this state that: *"It is the levy or assessment of the tax which must be uniform and not its means of enforcement."* *Hammett v. Kansas City,* 351 Mo. 192, 173 S.W.2d 70, 73 (1943), citing *Wheir et al. v. Dye et al.,* 105 Mont. 347, 73 P.2d 209, 214.

■ Further, ". . . the Constitution [of the United States] does not require uniformity in the manner of collection. Uniformity in the assessment is all it demands." *Tappan v. Merchants' National Bank,* 86 U.S. (19 Wall.) 490, 505, 22 L.Ed. 189 (1873).

■ Thus, we find no constitutional difficulty in holding that § 144.070 remains a tax, like the rest of the Sales Tax Law, upon gross receipts of the seller for the privilege of selling, with a different manner of collection and enforcement than is utilized for the rest of the Sales Tax Law.

For the above reasons, we hold that Article IV, § 43(a) does impose an additional sales tax of one-eighth of one percent upon motor vehicle and trailer transactions.

The alternative writ of mandamus heretofore issued by this court, directing the respondent to collect said tax, is hereby made peremptory.

All concur.

## APPENDIX

Section 43(a). Sales tax, use for conservation purposes.—For the purpose of providing additional moneys to be expended and used by the Conservation Commission, Department of Conservation, for the control, management, restoration, conservation and regulation of the bird, fish, game, forestry and wildlife resources of the state, including the purchase or other acquisition of property for said purposes, and for the administration of the laws pertaining thereto, an additional sales tax of one-eighth of one percent is hereby levied and imposed

upon all sellers for the privilege of selling tangible personal property or rendering taxable services at retail in this state upon the sales and service which now are or hereafter are listed and set forth in, and, except as to the amount of tax, subject to the provisions of and to be collected as provided in the "sales Tax Law" and subject to the rules and regulations promulgated in connection therewith and an additional use tax of one-eighth of one percent is levied and imposed for the privilege of storing, using or consuming within this state any article of tangible personal property as set forth and provided in the "Compensating Use Tax Law" and, except as to the amount of the tax, subject to the provisions of and to be collected as provided in the "Compensating Use Tax Law" and subject to the rules and regulations promulgated in connection therewith.

Section 43(b). Use of revenue and funds of conservation commission.—The moneys arising from the additional sales and use taxes provided for in section 43(a) hereof and all fees, moneys or funds arising from the operation and transaction of the Conservation Commission, Department of Conservation, and from the application and the administration of the laws and regulations pertaining to the bird, fish, game, forestry and wildlife resources of the state and from the sale of property used for said purposes, shall be expended and used by the Conservation Commission, Department of Conservation, for the control, management, restoration, conservation and regulation of the bird, fish, game, forestry and wildlife resources of the state, including the purchase or other acquisition of property for said purposes, and for the administration of the laws pertaining thereto, and for no other purpose.

Section 43(c). Effective date—self enforcibility.—The effective date of this amendment shall be July 1, 1977. All laws inconsistent with this amendment shall no longer remain in full force and effect after July 1, 1977. All of the provisions of sections 43(a)–(c) shall be self-enforcing except that the general assembly shall adjust brackets for the collection of the sales and use taxes.