NATIONAL FLEETWAY, INC., a
corporation, Petitioner,

v.

DIRECTOR OF REVENUE, State of Missouri, and the Administrative Hearing Commission of the State of Missouri, Respondents.

No. 62409.

Supreme Court of Missouri,
Division No. 1.

April 6, 1981.

Rehearing Denied May 11, 1981.

David Brydon, Jefferson City, for petitioner.

Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondents.

WELBORN, Commissioner.

Petition for review from a final decision of the Administrative Hearing Commission, affirming ruling of Director of Revenue that petitioner, National Fleetway, Inc., was liable for title fees, registration fees and sales tax upon motor vehicles acquired by National and leased to the United States Postal Service.

On or about November 1, 1978, National, in response to a bid call by the United States Postal Service, leased to the Postal Service 394 motor vehicles for use by the Postal Service in the St. Louis area. The vehicles were various models of Ford products and were acquired by National by purchase from McMahon Ford Company of St. Louis.

On November 2, 1978, National submitted to the Missouri Department of Revenue applications for title and registration of the vehicles, showing a purchase date of November 1, 1978 and accompanied by Manufacturer's Statements of Origin assigned on that date to the United States Postal Service. The issuance of title and registration in the name of that agency was requested.

On December 1, 1978, the manager of the Postal Service Procurement Services Office wrote the Motor Vehicle Bureau of the Department of Revenue, stating, regarding the vehicles leased from National: "I want to make it perfectly clear that the U. S. Postal Service does not own these vehicles and any exceptions to the laws of the State

of Missouri are solely between the State and National Fleetway, Inc."

On January 29, 1979, counsel for the Department of Revenue advised counsel for National that no certificate of registration or title for the vehicles would be issued until National paid the sales or use tax on this purchase and that National was required to title and register the vehicles.

In May, 1979, National filed with the Department of Revenue an application for a permit to operate as a motor vehicle leasing company under Section 144.070, RSMo 1978. The application was approved June 6, 1979.

On and after June 22, 1979, National again submitted applications for title and registration of the same vehicles. The applications showed various purchase dates for the vehicles between October, 1978 and March, 1979.

The Department of Revenue refused to issue the titles and registration because National had not paid the sales or use tax upon its acquisition of the vehicles. A hearing was held before a Department Hearing Officer, who denied National's claim for refund of the title and registration fees paid by it. He also found that in its purchase of the vehicles National had incurred state and local sales tax liability of $67,502.42 and concluded that no titles or registrations for the vehicles should issue until the tax liability had been paid.

An appeal was taken from the Department's ruling to the Administrative Hearing Commission. The matter was there submitted on stipulated facts, generally in accordance with the above statement, except that, according to the stipulation, 398 vehicles were involved and the total tax liability involved was $68,200.42.

The Administrative Hearing Commissioner upheld the decision of the Director of Revenue and denied the claims for refund of title and registration fees and held National liable for sales tax on its purchase of the vehicles. National filed its petition for review in this Court.

At the outset it should be noted that, although National paid title and registration fees under protest; objected, in its petition for review before the Administrative Hearing Commission, to the Director's adverse finding on that issue; and referred in its Petition for Review in this Court to the conclusion of the Administrative Hearing Commissioner, adverse to National, on that issue, National's brief in this Court makes no complaint regarding the finding of liability of National for such fees. Accordingly, National's complaint regarding those fees is deemed to have been abandoned.

With respect to the question of sales tax liability, the first question is whether or not the Director of Revenue and the Administrative Hearing Commissioner correctly concluded that, in order to be entitled to the benefit of the statute allowing a motor vehicle leasing company the alternative of paying sales tax on leased vehicles by collecting such tax on the rental paid, the leasing company must have held such status at the time of its acquisition of the vehicles leased. Petitioner's position is that such conclusion is not supported by the statutes and that holding the status of a leasing company at the time of application for titling the vehicles permits the lessor to take advantage of the alternative method of sales tax payment.

The problem here presented arises because of the particular treatment of the collection of sales tax on sales of automobiles and the later particular treatment of collection of sales tax on automobile leasing transactions. Under the sales tax as originally enacted, sale of a motor vehicle was treated in the same manner as all other taxable sales, with the tax required to be collected from the purchaser by the seller and to be remitted by the seller to the state.

In 1947, the legislature adopted the scheme currently in effect whereby on motor vehicle and trailer purchases, the sales tax is paid by the purchaser directly to the Department of Revenue at the time of title application. Laws of Mo. 1947, Vol. 2, p. 431. (The use tax feature of that enact-

ment was held invalid in *State ex rel. Transport Manufacturing and Equipment Company v. Bates*, 359 Mo. 1002, 224 S.W.2d 996, because of an improper classification produced by an exemption of motor vehicles seating more than ten persons. The statute was subsequently reenacted, with such exemption no longer provided. Laws of Mo. 1951, p. 854.) These provisions are now found in Sections 144.060, 144.070, 144.440 and 144.450, RSMo 1978.

In 1963, the legislature turned its attention to personal property leasing transactions and enacted what now appears in subdivision (8) of subsection 1 of Section 144.020, imposing the sales tax upon rental or lease of tangible personal property on which no tax was paid at the time of purchase. Leases and rentals of motor vehicles and trailers were expressly excluded. Laws of Mo. 1963, p. 196, § 114.020.

The legislature made provision for motor vehicle leasing companies and their sales tax treatment in 1975. Laws of Mo. 1975, p. 202. The basic enactment appears now as a part of Section 144.070 as follows, the portions added in 1975 being underlined:

"1. At the time the owner of any new or used motor vehicle or trailer which was acquired in a transaction subject to sales tax under the Missouri sales tax law makes application to the director of revenue for an official certificate of title and the registration of the automobile or trailer as otherwise provided by law, he shall present to the director of revenue evidence satisfactory to the director of revenue showing the purchase price exclusive of any charge incident to the extension of credit paid by or charged to the applicant in the acquisition of the motor vehicle or trailer, or that no sales tax was incurred in its acquisition, and if sales tax was incurred in its acquisition, the applicant shall pay or cause to be paid to the director of revenue the sales tax provided by the Missouri sales tax law in addition to the registration fees now or hereafter required according to law, and the director of revenue shall not issue a certificate of title for any new or used

motor vehicle or trailer subject to sales tax as provided in the Missouri sales tax law until the tax levied for the sale of the same under sections 144.010 to 144.510 has been paid as herein provided <u>or is registered under the provisions of subsection 5 of this section.</u>

"2. As used above, the term 'purchase price' shall mean the total amount of the contract price agreed upon between the seller and the applicant in the acquisition of said motor vehicle or trailer, regardless of the medium of payment therefor.

"3. In the event that the purchase price is unknown or undisclosed, or that the evidence thereof is not satisfactory to the director of revenue, the same shall be fixed by appraisement by the director.

"4. The director of the department of revenue shall endorse upon the official certificate of title issued by him upon such application an entry showing that such sales tax has been paid or that the vehicle represented by said certificate is exempt from sales tax and state the ground for such exemption.

"5. <u>Any person, company, or corporation engaged in the business of renting or leasing motor vehicles or trailers, which are to be used exclusively for rental or lease purposes, and not for resale may apply to the director of revenue for authority to operate as a leasing company. Any company approved by the director of revenue may pay the tax due on any motor vehicle or trailer as required in section 144.020 at the time of registration thereof or in lieu thereof may pay a sales tax as provided in this act. A sales tax shall be charged to and paid by a leasing company which does not exercise the option of paying in accordance with section 144.020, on the amount charged for each rental or lease agreement while the motor vehicle or trailer is domiciled in this state. Any motor vehicle, which is leased as the result of a contract executed in this state shall be presumed to be domiciled in this state.</u>

"6. <u>If the owner of any motor vehicle or trailer desires to charge and collect sales tax as provided hereinabove, he</u>

shall make application to the director of revenue for a permit to operate as a motor vehicle or trailer leasing company. The director of revenue shall promulgate rules and regulations determining the qualifications of such a company, and the method of collection and reporting of sales tax charged and collected. Said regulations shall apply only to owners of motor vehicles or trailers, electing to qualify as motor vehicle or trailer leasing companies under the provisions of subsection 5 of section 144.070, and no motor vehicle renting or leasing or trailer renting or leasing company can come under this act unless all vehicles held for renting and leasing are included."

(By reason of a 1977 amendment (Laws of Mo.1977, p. 325), subparagraph 6 above appears as subparagraph 7 of Section 144.-070, RSMo 1978, with minor changes not here significant. A new subparagraph inserted by the 1977 amendment is not pertinent here.)

The Department of Revenue issued Regulation 12 CSR 10–3.224, which stated, in part:

"Effective date for a motor vehicle leasing company is the date the permit is issued."

This construction of the statute was further clarified in the Department's operational procedures guidelines, which stated, in part:

"III. *TITLING AND LICENSING OF ACQUIRED VEHICLES—PROCEDURE*

"A. *Date of Acquisition of Vehicle*

"*Any Company which acquires a motor vehicle* or over-the-road trailer prior to January 1, 1976, OR *prior to the date Company is issued a Permit, must make application for title and/or license and remit applicable taxes and license fees* to the Motor Vehicle Bureau, or agent thereof. Vehicles acquired after the Permit is issued must also be titled and/or licensed; however, there is an exemption for payment of applicable taxes at the time of registration (titling)." (Emphasis supplied.)

Appellant argues that this administrative construction is contrary to the statute and

beyond the authority of the Director. Appellant's reliance is primarily upon the language of Section 144.070(5): "Any company approved by the director of revenue may pay the tax on any motor vehicle or trailer as required in Section 144.020 at the time of registration thereof or in lieu thereof may pay a sales tax as provided in Sections 144.010, 144.020, 144.070 and 144.440." Appellant argues that, under this language, the leasing company is required only to have acquired its permit before applying for registration of the vehicles which it proposes to lease or rent. Appellant relies upon the rule that taxing statutes are to be construed strictly against the taxing authority and in favor of the taxpayer.

The construction of the statute by the Department does have reasonable support in the language of the statute, read as a whole. Subparagraph 1 of Section 144.-070 emphasizes the time of acquisition of a motor vehicle as being determinative of sales tax liability. The provisions for qualifying as a leasing company and permitting special handling of such an approved company's sales tax obligation were appended to subparagraph 1. In this case, at the time of acquisition of the vehicles, appellant had not been recognized as a leasing company so that it could not, as required by Section 144.070 1., state in its application for title that "no sales tax was incurred in its [the motor vehicles'] acquisition * * *."

The language of subparagraph 1 of Section 144.070 is consistent with the general tenor of the sales tax law which makes the transaction between a seller and a purchaser the taxable event. § 144.020. Although the sales tax is no longer a "transaction" tax, the seller's tax liability is measured by his receipts from taxable transactions with purchasers. In *State ex rel. Conservation Commission v. LePage*, 566 S.W.2d 208 (Mo. banc 1978), the court held that the special procedure for payment of the motor vehicle sales tax did not produce a different tax, levied upon the purchaser, and that the motor vehicle sales tax " * * * remains a tax, like the rest of the Sales Tax Law, upon gross receipts of the seller for the privilege of selling, with a different manner of collection and enforcement than is uti-

lized for the rest of the Sales Tax Law." 566 S.W.2d 212[5].

The language relied upon by appellant refers merely to the time of payment of the sales tax liability on the transaction and does not permit the purchaser to avoid a previously accrued tax liability which arose upon acquisition of the vehicle.

The Director of Revenue properly refused to issue the titles and registrations of the vehicles here involved unless the sales tax which accrued on their acquisition had been paid.

Appellant makes two further points, but both are premised upon the right of appellant to elect the alternative method of payment of sales tax. In view of the conclusion that appellant was not entitled to such an election, its further points need not be considered.

Judgment affirmed.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.