PIPE FABRICATORS, INC.,
Petitioner-Appellant,

v.

DIRECTOR OF REVENUE, State of
Missouri, Respondent.

No. 64326.

Supreme Court of Missouri,
En Banc.

June 30, 1983.
Rehearing Denied Aug. 16, 1983.

 

John E. Price and Thomas J. Carlson, Springfield, for petitioner-appellant.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

The cause of this appeal is a compensating use tax assessed against Pipe Fabricators, Inc. (the taxpayer) on the purchase price of two helicopters and aircraft parts purchased outside Missouri. One helicopter was procured in California in June 1978; the other was purchased in Oklahoma in February 1979. The taxpayer paid no sales tax on either.

A use tax audit by the Department of Revenue resulted in an assessment on unpaid use tax of $8,987.84 on the two helicopters and parts. The taxpayer filed a timely complaint before the Administrative Hearing Commission challenging the assessment. The Commission upheld the assessment, and the taxpayer filed its petition for judicial review in which it challenges the constitutionality of the exemptions within the use tax statute—§ 144.040.2, RSMo 1978. It also seeks construction of the revenue laws of the State of Missouri. Jurisdiction of the appeal is, therefore, within this Court. Mo. Const. art. V, § 3.

The helicopters which are the cynosure of this controversy are used by the taxpayer for a great variety of interstate and intrastate commercial operations, including air taxi services, hauling cargo, aerial surveying, television and radio promotions and medical evacuations. The taxpayer's operations in utilizing the helicopters are performed pursuant to three separate air carrier operating certificates issued by the U.S. Department of Transportation, Federal Aviation Administration. It is particularly noteworthy that the taxpayer operates under the F.A.A. operating certificates vis-a-vis a certificate of convenience and necessity issued by the Federal Civil Aeronautics Board. The taxpayer does not possess a certificate of public convenience and necessity.

The major· parry of the taxpayer's attack seems to be directed at § 144.040.2, RSMo 1978, which it contends is unconstitutional as favoring a special class. That section provides a use tax exemption on "all sales of aircraft to common carriers for use in interstate commerce under a certificate of convenience and necessity issued by the Federal Civil Aeronautics Board ...." The taxpayer, as mentioned, has no certificate of convenience and necessity. Hence, so urges the taxpayer, it is subjected to unfair treatment (or so it seems, lack of treatment), in that it fails to benefit from the alleged special legislative use tax exemption.

▉ As a buoy and buttress to the charge of special legislation, the taxpayer sought to introduce into evidence an affidavit of former state senator Albert M. Spradling, Jr. that the certificate of convenience and necessity exemption of § 144.040.2, RSMo 1978, was intended to pertain to a specific major airline which proposed to store its aircraft in Missouri. The taxpayer argues that the challenged statute violates Mo. Const. art. III, § 40(30) which interdicts special legislation by the General Assembly. But despite the taxpayer's protestations, its argument relating to the admissibility of Senator Spradling's rejected affidavit must fail for at least two reasons.

First, the language of the exemption is general in nature and can pertain to any entity achieving the classification so exempted. General provisions of this type have been sanctioned resolutely and have withstood previous challenges. *Bopp v. Spainhower,* 519 S.W.2d 281, 284–85 (Mo. banc 1975); *Walters v. City of St. Louis,* 364 Mo. 56, 259 S.W.2d 377, 382 (banc 1953), *aff'd,* 347 U.S. 231, 74 S.Ct. 505, 98 L.Ed. 660 (1954).

Second, the rejection of the affidavit fits precisely within the proper and appropriate holding of *Missourians for Honest Elections v. Missouri Elections Commission,* 536 S.W.2d 766, 774–75 (Mo.App. banc 1976) in

the jointly written opinion of Judges Smith and Simeone that the court is bound by the express written law, not what may have been intended by an enactment.

▉ Next, the taxpayer contends that its air carrier operating certificates issued by the Federal Aviation Administration equate to certificates of convenience and necessity issued by the Civil Aeronautics Board. But this is not so. An exemption from taxation must clearly appear within a statute. *Brown Group, Inc. v. Administrative Hearing Commission,* 649 S.W.2d 874 (Mo. banc 1983); *State ex rel. Conversation Commission v. LePage,* 566 S.W.2d 208, 211 (Mo. banc 1978). The clear wording of the act in question requires no interpretation. The exemption requires a certificate of convenience and necessity as distinguished from an operating certificate. Each is distinctive. The taxpayer did not possess the qualifying designated item for exemption.

The next attack directed at the Commission's ruling is an admixture of a couple of points: (1) That the tax exemption is unconstitutional as lacking uniformity in its application because the exemption allegedly depends on the size of the class seeking exemption; and (2) a denial of equal protection, as large firms receive benefit without any rational basis.[1]

The taxpayer contends that the only distinction between those carriers possessing a C.A.B. certificate of convenience and necessity and those operating under F.A.A. regulations is the size of equipment, with larger aircraft being entitled to C.A.B. imprimatur. Hence, the taxpayer asserts a lack of Mo. Const. art. X, § 3 mandated uniformity in application of the use tax exemption. Reliance for its position is placed on *State ex rel. Transport Manufacturing Equipment Co. v. Bates,* 359 Mo. 1002, 224 S.W.2d 996 (banc 1949). *Bates* held that a use tax exemption for passenger buses with seating capacity of ten or more passengers lacked constitutional uniformity.

1. Related to this argument is the special legislation issue which has already received adequate attention.

■ The taxpayer is correct in its assessment of the law that a tax on one class while exempting others must be based on a difference reasonably related to the purpose of the law. *Southwestern Bell Telephone Co. v. Morris,* 345 S.W.2d 62, 65–66 (Mo. banc 1961). But it is impossible to avert all discriminatory impact in tax classifications; absolute uniformity is not required. Nor is it forbidden to treat one class of entities differently from another. In gauging the classifications of entities, in which there cannot be a precise measure, the test is whether a difference in classifications amounts to invidious discrimination. *Missouri Pacific Railroad Co. v. Kirkpatrick,* 652 S.W.2d 128 (Mo. banc 1983); *Bopp v. Spainhower,* 519 S.W.2d at 289.

■ Whereas *Bates* and *Barhorst v. City of St. Louis,* 423 S.W.2d 843, 846 (Mo. banc 1967) hold that there may not be an arbitrary classification for tax purposes, *Virden v. Schaffner,* 496 S.W.2d 846, 848 (Mo.1973), *appeal dismissed,* 414 U.S. 1105, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973) makes manifest that the General Assembly may provide reasonable classifications. And reasonable classification—as contrasted with *Bates*—was provided in this case. The legislature created a classification by exempting sales to common carriers for storage or for use in interstate commerce under a certificate of convenience and necessity issued by the C.A.B. The burden of taxation falls equally on all entities outside that classification; the privilege of the exemption falls equally on all those within the classification.

A rational distinction can be made between those carriers operating under a C.A.B. certificate of convenience and necessity and those operating as the taxpayer pursuant to F.A.A. regulations. It is apparent that the C.A.B. and F.A.A. find rational basis for the distinction by the fact that the two separate classifications are maintained by those two federal agencies. So, too, it is apparent that the General Assembly found rational basis for maintaining the distinction. The taxpayer's equal protection and uniformity arguments must therefore fail.

■ In 1982, the General Assembly amended § 144.030 and enacted § 144.030.-2(20), RSMo Supp.1982 which removed the certificate of convenience and necessity requirement standing as a revetment to the taxpayer's qualification for use tax exemption. The taxpayer thus argues that the 1982 amendment stands for legislative recognition of the constitutional infirmities which have been suggested. But we do not find that is so.

■ The taxpayer also argues that it should have the benefit of the 1982 amendment by retrospective application. It is clear enough that the taxpayer may not have the benefit of an exemption which did not apply at the time of the imposition of the tax. *National Fleetway, Inc. v. Director of Revenue,* 614 S.W.2d 258 (Mo. 1981). And it is a basic precept that a statute which involves the substance of a matter, as in this case, operates prospectively unless specific legislative intent of retrospective application expressly appears or there is a necessary or unavoidable implication to that effect. *St. Louis County v. University City,* 491 S.W.2d 497, 499–500 (Mo. banc 1973). No such intent exists in this situation.

Under the principles of law extant at the time of the purchase of the two helicopters, the taxpayer was liable for payment of a compensating use tax. The director's assessment of such a tax was proper under the circumstances of this case.

Judgment affirmed.

RENDLEN, C.J., HIGGINS, BILLINGS, BLACKMAR, DONNELLY, JJ., and HOUSER, Senior Judge, concur.

WELLIVER, J., not sitting.