C. David Henderson Ralls County Prosecuting Attorney Ralls County Courthouse New London, Missouri 63459
and
Dennis W. Smithmier Caldwell County Prosecuting Attorney Post Office Box 82 Kingston, Missouri 64650
Gentlemen:
Each of you has asked for an opinion from this office as to the effective date of any salary increase voted by the county salary commission for the year 1988 pursuant to the new county compensation bill, Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 431, 84th General Assembly, Second Regular Session (1988) (hereinafter referred to as "Senate Bill No. 431"). This bill was effective May 13, 1988. Because of the similarities in the questions posed, we have combined your requests into one opinion. Specifically, you ask whether the increased compensation voted by the county salary commission subsequent to the effective date of Senate Bill No. 431 is retroactive to January 1, 1988, or effective only as of the date of its adoption by the salary commission.
In 1987 the General Assembly created a salary commission in every nonchartered county in this state and authorized that commission to establish the compensation for each county office at an amount not greater than that set by law as the maximum compensation. See Section 50.333, RSMo Supp. 1987. The commission was to meet before November 30, 1987, and every second year thereafter. Section 50.333.5, RSMo Supp. 1987. At the 1987 meeting, the commission was to determine the compensation to be paid to every county officer holding office on January 1, 1988. Section 50.333.6, RSMo Supp. 1987. Senate Bill No. 431 amended Section 50.333 as of May 13, 1988, the day it was signed into law by the Governor. Among other things, it allowed the salary commission to readjust the salary levels for the year 1988 under certain circumstances. Subsection 10 of Section 50.333 as amended by Senate Bill No. 431 provides:
 10. The salary commission in each county which did not adopt a salary level of one hundred percent in 1987 and, upon petition of two-thirds of the members of the salary commission, the salary commission of any other county shall meet within thirty days after the effective date of this act to reconsider any action or failure to act prior to the effective date of this act. Any salary schedule adopted or adjustments made in a previous salary schedule at the meeting required by this subsection shall be certified to the clerk of the county commission within forty-five days after the effective date of this act and shall become the salary schedule for that county for the current term of office and the term of office for those officers to be elected in 1988 in lieu of any salary schedule adopted prior to the effective date of this act.
According to the information provided in your letters, the salary commission in each of your counties met in accordance with the provisions of Senate Bill No. 431 and adopted an increase in compensation as allowed. The salary schedule which was adopted was certified to the clerk of the county commission within forty-five days after the effective date of Senate Bill No. 431.
In our opinion, any increased compensation adopted by the salary commission for the year 1988 pursuant to Senate Bill No. 431 is effective only from the date it is adopted by the salary commission, provided it is certified to the clerk of the county commission as specified in subsection 10 quoted above. ArticleVI, Section 11 of the Missouri Constitution, as amended August 5, 1986, provides:
 Section 11. Compensation of county officers — increases in compensation not to require additional services — statement of fees and salaries. — 1. Except in counties which frame, adopt and amend a charter for their own government, the compensation of all county officers shall either be prescribed by law or be established by each county pursuant to law adopted by the general assembly. A law which would authorize an increase in the compensation of county officers shall not be construed as requiring a new activity or service or an increase in the level of any activity or service within the meaning of this constitution. Every such officer shall file a sworn statement in detail, of fees collected and salaries paid to his necessary deputies or assistants, as provided by law.
 2. Upon approval of this amendment by the voters of Missouri the compensation of county officials, or their duly appointed successor, elected at the general election in 1984 or 1986 may be increased during that term in accordance with any law adopted by the general assembly or, in counties which have adopted a charter for their own government, in accordance with such charter, notwithstanding the provisions of section 13 of article VII of the Constitution of Missouri.
Pursuant to Section 50.333, as amended by Senate Bill No. 431, the General Assembly has created a vehicle for adjusting salaries for county officials through the county salary commission. However, retroactive application of any law is not favored in this state. The Missouri Supreme Court has said that a statute which involves the substance of a matter operates prospectively unless specific legislative intent of retrospective application expressly appears or there is a necessary or unavoidable implication to that effect. PipeFabricators, Inc. v. Director of Revenue, 654 S.W.2d 74, 77
(Mo. banc 1983). Nothing in Senate Bill No. 431 states or suggests any intent of the General Assembly that salary adjustments for the year 1988 adopted pursuant to Senate Bill No. 431 be considered effective retroactively to January 1, 1988. Furthermore, Article III, Section 39(3) of the Missouri Constitution prohibits the General Assembly from authorizing any county to grant extra compensation to a public officer after service has been rendered.
CONCLUSION
It is the opinion of this office that any increased compensation adopted by a county salary commission for the year 1988 pursuant to Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 431, 84th General Assembly, Second Regular Session (1988) is effective from the date it is adopted by the county salary commission.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General