**MISSOURI STATE USBC ASSOCIATION,**
Appellant,

v.

**DIRECTOR OF REVENUE,**
Respondent.

No. SC 88630.

Supreme Court of Missouri,
En Banc.

April 29, 2008.

Carole L. Iles, Edward F. Downey, Jefferson City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty Gen., Gary L. Gardner, Asst. Atty. Gen., James L. Spradlin, Amy T. Bartolomucci, Department of Revenue, Jefferson City, for Respondent.

MARY R. RUSSELL, Judge.

The Missouri State USBC [1] Association ("Bowling Association") seeks review of the Administrative Hearing Commission's ("AHC") decision determining that it is not entitled to a sales and use tax exemption

---

1. USBC stands for "United States Bowling Congress," a national bowling association.

as a not-for-profit charitable, civic, or service organization. The AHC's decision is reversed, and the cause is remanded.

## I. Jurisdiction and Standard of Review

■ This Court has jurisdiction to review the AHC's decision pursuant to Mo. Const. article V, section 3, as the case involves construction of state revenue laws. The AHC's interpretation of revenue laws is reviewed *de novo*. *DST Sys., Inc. v. Dir. of Revenue*, 43 S.W.3d 799, 800 (Mo. banc 2001). The AHC's factual determinations will be upheld if the law supports them, and, after reviewing the whole record, there is substantial evidence that supports them. *Id.*

## II. Facts

■ Bowling Association was formed in 2006 by the merger of three Missouri bowling associations.[2] Bowling Association's bylaws outline that its purposes include: (1) to provide equal opportunity for all in the sport of bowling; (2) to promote the game of American Tenpins; (3) to conduct and support bowling competitions; and (4) to engage in other activities permitted by its federal tax-exempt status. It contends that its efforts to promote the sport of bowling increase physical activity and recreational opportunities for Missourians.

Membership in Bowling Association is open to anyone. It currently has more than 75,000 members. Members join Bowling Association when they join a Missouri-based bowling league and purchase a membership card for a nominal fee.[3] In fiscal year 2006, Bowling Association did not charge dues. Its bylaws provide, however, that dues can be charged, but cannot exceed $1.00 annually for adults and $0.25 annually for youth.

Bowling Association encourages all age groups to be active bowlers and annually hosts a number of bowling tournaments. Tournament bowlers pay a fee to participate and cover their bowling costs. The association pays a per-game, per-player "lineage" fee for use of the bowling lanes used in its tournaments. Bowling Association seeks sales tax exempt status, in part, to avoid paying tax on its use of bowling lanes at its tournaments.

Bowling Association annually hosts a bowlers showcase and annual meeting, during which time it hosts a banquet and honors distinguished members with awards. It also awards $4000 annually in scholarships to youth. The scholarships are awarded based on scholastic and bowling ability, community service, and recommendations of teachers and coaches. The bowlers showcase also includes workshops and assistance for bowlers and their local associations, updates on the association's activities, and an opportunity to elect board members.

Bowling Association and its local affiliates make various charitable contributions. Thousands of dollars have been raised by

**2.** These associations included the Missouri State Bowling Association, the Missouri State Women's Bowling Association, and the Missouri State Young American Bowling Alliance. Each of the three merged organizations was considered sales tax exempt by the Missouri Department of Revenue.

The merged Bowling Association currently has federal tax exempt status under I.R.C. section 501(c)(3) (2008), which provides a specific exemption for organizations that foster national amateur sports competitions. But, federal tax status determinations have no impact on whether organizations qualify for Missouri tax exemptions. *See Indian Lake Prop. Owners Ass'n, Inc. v. Dir. of Revenue*, 813 S.W.2d 305, 308 (Mo. banc 1991).

**3.** Members can also join online at the national association's website.

Bowling Association's predecessor organizations and its local affiliates, but its own budget in 2006–2007 included only $1000 for "donations." Bowling Association, however, states that it has not begun all of its intended activities because it is newly formed. It reports plans to increase educational ventures to help local bowling organizations enhance operations and improve public outreach. It also has plans to donate kits to elementary schools that will promote the sport of bowling in physical education classes.

Bowling Association argues that its actions better the State and local communities and serve the public interest. It maintains that it is the kind of organization entitled to tax exempt status under sections 144.030.2(19) and (20), RSMo Supp. 2007.[4] The director of revenue responds, however, that Bowling Association is not a charitable, civic, or service organization entitled to tax exempt status under Missouri law.

### III. Is Bowling Association Entitled to Tax Exempt Status?

■ Tax exemptions should be founded on a rational basis and rest on sound public policy. *State ex rel. Transp. Mfg. & Equip. Co. v. Bates,* 359 Mo. 1002, 224 S.W.2d 996, 1000 (1949). Exemptions "must be founded upon a reason public in nature" and "must be strictly construed and generally are sustained only upon the grounds of public policy." *Id.* "They should serve a public, as distinguished from a private, interest." *Id.*

Taxpayers carry the burden of showing they are entitled to an exemption under the statutes. *Branson Props. USA, L.P. v. Dir. of Revenue,* 110 S.W.3d 824, 825 (Mo. banc 2003). Exemptions from taxation are to be strictly construed against

the taxpayer, and any doubt is resolved in favor of application of the tax. *Id.*

■ Section 144.030.2(20) provides an exemption for "all sales made by or to not-for-profit civic, social, service or fraternal organizations ... in their civic or charitable functions and activities...."

Words and phrases in statutes are to be given their plain and ordinary meaning, which can be typically derived from the dictionary. Section 1.090, RSMo 2000; *Indian Lake Prop. Owners Ass'n, Inc. v. Dir. of Revenue,* 813 S.W.2d 305, 308 (Mo. banc 1991). This Court previously defined "civic" as used in section 144.030.2(20) using its dictionary definition:

> Forming a component of or connected with the functioning, integration, and development of a civilized community (as a town or city) involving the common public activities and interests of the body of citizens ... concerned with or contributory to general welfare and the betterment of life for the citizenry of a community or enhancement of its facilities; *esp:* **devoted to improving** health, education, safety, **recreation,** and morale of the general public through nonpolitical means[.]

*Indian Lake,* 813 S.W.2d at 308 (internal citations omitted; bold emphasis added).

*Indian Lake* added: "For an organization to be civic in nature, its purposes and functions must be concerned with and relate to the citizenry at large. The organization must benefit the community it serves on an unrestricted basis." *Id.* In *Indian Lake,* this Court rejected a claim by a homeowners' association that it was a civic organization entitled to tax exempt status because the association had "done everything within its power to create a private environment and to exclude nonmembers from any benefits .... [and the

---

**4.** All further statutory references are to RSMo Supp.2007, unless otherwise indicated.

benefits it accrued] to the general public [were] at best incidental and peripheral to the members' private interests." *Id.*

Bowling Association, unlike the homeowners' association in Indian Lake, is not restrictive in its membership, as its membership is available to any person. Additionally, while Bowling Association's activities are enjoyed largely by its current members, its purposes include fostering increased opportunities for all people to participate in recreational bowling activities. Bowling Association's activities, which are recreational and available to the public at large, bring it under the definition of "civic" outlined in *Indian Lake*. As such, Bowling Association qualifies for tax exempt status as a civic organization under section 144.030.2(20).[5]

## IV. Conclusion

Because Bowling Association is a not-for-profit civic organization within the meaning of section 144.030.2(20),[6] the AHC's decision is reversed, and the cause is remanded.

All concur.

---

5.  Bowling Association also maintains that it is tax exempt under section 144.030.2(20) as a not-for-profit "service organization." This Court has never defined "service organization" as used in this statute, but AHC decisions suggest that a "service organization" is one that contributes to the welfare of others and serves a public interest. Bowling Association maintains that it serves the public by "promoting a wholesome recreational activity," but there is little evidence in the record beyond its own statements showing how its activities measurably benefit the public at large. Given this, and having already determined that Bowling Association qualifies for a section 144.030.2(20) exemption as a "civic organization," this Court sees no reason to explore further whether Bowling Association should be classified as a "service organization."

6.  Having found that Bowling Association is entitled to a tax exemption under section 144.030.2(20) as a civic organization, it is not necessary to address Bowling Association's alternative argument that it entitled to a tax exemption under section 144.030.2(19) as a "charitable organization."