*Rollen Hurt, for appellant.*

---

AMERICA SMITH'S ADMX., ET AL. *v.* PETER SMITH'S ADMR.

[Abstract Kentucky Law Reporter, Vol. 6—217.]

**Money Derived From Sale of Land is Personalty.**

If a vendor of land dies before the payment of the purchase-money it passes to his personal representative and becomes a part of the assets of the estate.

**Homestead.**

When a married woman owns real estate and its sale on mortgage foreclosure brings a sum in excess of the mortgage and the owner directs that the whole of the land be sold instead of a part only and dies before the excess is paid over it will pass to her surviving husband and can not be claimed as a homestead for minor children.

APPEAL FROM BOYD CIRCUIT COURT.

September 27, 1884.

OPINION BY JUDGE HOLT:

America Smith was the owner by conveyance from her husband, Peter Smith, of a small tract of land, containing about 14 acres and upon which they, together with their three children, lived.

They mortgaged it to one Geiger, and also one Callahan; and the decree obtained by said mortgagees to sell it, provided that only so much of it should be sold as might be necessary to pay them, unless America Smith and the committee of her husband, he having in the meantime become a lunatic, should direct a sale of all of it; and then the entire tract should be sold and a sale bond taken to America

Smith for any excess of sale money above the mortgage debts. Nothing was said in the judgment about any homestead or any re-investment of any such excess in land or a homestead.

Mrs. Smith and said committee did by a writing direct a sale of the entire tract, and it brought $1,041 more than the mortgage debts, for which sum a sale bond was taken payable to her.

She died intestate before the death of her husband, and both died before the maturity of the bond.

Administration was granted upon the estate of each, and the personal representative of the wife having collected the bond, the personal representative of the husband sued her to recover the money, claiming it as assets of the husband's estate.

The three children, of whom one is a minor, became defendants by petition and answer, and they, together with the personal representative of Mrs. Smith, resisted the plaintiff's claim to the money upon the grounds, first, that the children, or at least the one who is a minor, was entitled to have the money invested in a homestead; and, secondly, that as the mother before her death had expressed a desire that this should be done, that the fund was not to be treated in law as personalty, but as realty and pass accordingly.

The demurrers filed in the court below to the answer of Mrs. Smith's personal representative and to the petition and answer of the children were sustained, they declining or failing to plead further, the money was adjudged to be assets of the estate of Peter Smith, deceased, save so much thereof as might be necessary to pay the debts, funeral expenses and cost of administration of the estate of America Smith, deceased.

The matters alleged in the answer are to be taken as true upon demurrer. It is therefore admitted, that at the date of the judgment and sale of the land Mrs. Smith and her three children, one of whom was an infant and all of whom are yet unmarried, were living upon the land, and that all of it was sold to prevent loss by its division; that it was her intention to invest any surplus of the sale money that might be left after the payment of the mortgage debts in another home; that just before her death that she requested a gentleman to administer on her estate and reinvest said surplus in a home for the children; and that said fund never was reduced to possession by the husband.

This state of case and the mother's wishes appeal strongly to the

sympathy of the court; but we cannot escape the conclusion that the fund in contest was personalty, and by the third sub-section of section 11, Chapter 31 of the General Statutes, it is provided that "a husband shall have the whole surplus of a deceased wife's personal estate."

It is a principle of equity to consider that as done, which should have been done; but this does not mean simply what might have been best for a party. It is true that when money is directed to be converted into land or vice versa, the property is to be considered in law as of the character it would have after the conversion.

It was so held in the case of *Collins, et al. v. Champ's Heirs,* 15 B. Monroe, 118, and which is relied upon by the counsel for the appellants. In that case an infant's property had been sold under a decree for the purpose of reinvestment; and the owner dying before it was done the proceeds were adjudged to bear the character in law of real estate and pass accordingly.

In this case however the intention and verbal request of Mrs. Smith can not have this effect. She did nothing in a legal mode to change the character of the fund from that of personalty.

In the case supra, the court had by its judgment directed the money to be reinvested in land, and thereby had fixed that character upon it; and a direction to have such effect must be given in a legal way, as by will, or deed, or judgment of a court. A mere naked intention of a party verbally expressed is not sufficient except in case of a noncupative will.

If a vendor dies before the payment of the purchase-money for land, it passes to his personal representative and becomes a part of the personal assets of the estate. The sale of any balance of the land, that might have been left in this case after the payment of the mortgage debts, was in effect made by Mrs. Smith, because she directed its sale, and although no homestead had ever been allotted in the land, yet, had a balance of it remained in kind the infant child so long as she remained a minor and unmarried would have been entitled to a homestead in it; and then it would have passed to the children of Mrs. Smith, subject however to the payment of her debts.

She, however, as the owner of it, requested its sale and accepted a sale bond payable to herself and collectible by her when due without any order or direction of the court, and changed or consented to it being changed into personalty, and while it was in that con-

dition she died without any sufficient direction in law, being given for its reinvestment in real estate, and in such a case the absolute provision of the law that the personalty of the wife passes to the husband must govern, and the judgment below is *affirmed*.

*W. C. Ireland, for appellants.*

*John W. Hampton, L. T. Moore, for appellees.*

[Cited in *Duff's Ex'r v. Duff,* 21 Ky. L. 1211, 54 S. W. 711; *Brown Banking Co. v. Stockton,* 107 Ky. 496, 21 Ky. L. 1212, 54 S. W. 854.]