Commonwealth v. Bossie, &c.

---

CASE 27—INDICTMENT—NOVEMBER 19.

## Commonwealth v. Bossie &c.

APPEAL FROM LAUREL CIRCUIT COURT.

1. GAMING—ACCOMPLICE.—Each one engaged in a game of chance is guilty of an individual offense, and is not an accomplice of the others so as to prevent a conviction of them upon his testimony alone.

W. S. TAYLOR FOR APPELLANT.

1. On an indictment for gaming a conviction can be had upon the evidence, alone, of a witness who engaged in the game.   (Green v. Commonwealth, 6 Ky. Law Reporter, 217.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The grand jury of Laurel county returned an indictment charging Jack Bossie, William Doan and Stephen Curtis with the offense of gaming, committed as follows, viz: "The said Jack Bossie, William Doan and Stephen Curtis did, on the 22d day of May, 1895, * * * unlawfully engage in a game of hazard and chance by engaging in and playing a game of cards with William Curtis, in which game money and other property was bet, won and lost by each of them."

Upon the calling of the cause for trial as to Bossie it was agreed that the same be submitted to the court for trial, and it was further agreed that the witness would prove the charge to be true, but that the witness was also engaged in the same game of chance.

The contention of the defendant was that the witness was an accomplice of the defendant, hence no conviction could be had upon his testimony alone, and the court below so adjudged, and from that judgment this appeal is taken.

The judgment of the court below is clearly erroneous. The witness was not an accomplice in the legal meaning of the term.    Each one engaged in the game was guilty of an individual offense.

In the case of Whitaker v. Commonwealth, 95 Ky., 632, it was held by this court that in an indictment for incest the jury were authorized to convict upon the testimony alone of the female, the crime of each being separable under the statute.

To the same effect is the decision of the Superior Court in Green v. Commonwealth, 6 Ky. Law Rep., 217.

For the reasons indicated the judgment appealed from is reversed and cause remanded for further proceedings consistent with this opinion.