# PAYLOR v. UNITED STATES.

CRIMINAL LAW; ACCOMPLICE; "BETTING."

One who bets in violation of law may be convicted on the testimony of
the person with whom he bets, as the latter is not his accomplice.

No. 2722.   Submitted October 8, 1914.   Decided November 2, 1914.

HEARING on writ of error to the Police Court of the District
of Columbia to review a judgment convicting defendant of
betting in violation of law.                         *Affirmed.*

The COURT in the opinion stated the facts as follows:

This case is here on writ of error to the police court of the
District of Columbia.   The information was filed against Port-
er L. Paylor, the plaintiff in error, charging him with the viola-
tion of the provisions of section 869 of the District Code, as
amended by the act of May 16, 1908 (35 Stat. at L. 164, chap.
172).   The act as amended reads as follows: "It shall be
unlawful for any person or association of persons to bet, gamble,
or make books or pools on the result of any trotting or running
race of horses, or boat race, or race of any kind, or on any elec-
tion or any contest of any kind, or game of baseball.   Any
person or association of persons violating the provisions of this
section shall be fined not ·exceeding five hundred dollars or be
imprisoned not more than ninety days, or both."

Defendant was convicted on five separate counts, in each of
which the witness produced against him was the person with
whom he was charged with having bet or gambled.   The mate-
rial error urged relates to the failure of the court to instruct
the jury that it could not find the defendant guilty upon the
uncorroborated testimony of an accomplice.

*Mr. Daniel W. Baker* and *Mr. Thomas C. Bradley* for the appellant.

*Mr. Clarence R. Wilson,* United States District Attorney, *Mr. Bolitha J. Laws,* Assistant, and *Mr. Ralph Given,* Assistant, for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

We think it unnecessary to enter into any discussion of the rules of practice governing the admission of the testimony of accomplices, since we are of opinion that, where two persons wager on the result of an event,—as in this instance a horse race,—one is not the accomplice of the other. To establish the relation of accomplice, two or more persons must unite in a common purpose to do an unlawful act. When two persons wager on the result of a certain event, the purpose of each is diametrically opposed to that of the other. The object to be obtained by each is the exact opposite of the other. It could be asserted with equal force that two persons engaged in fighting a duel are accomplices. While each is violating the same law, they are not engaged in a common purpose to kill a common antagonist, but in a distinct and separate purpose of killing each other.

The weight of authority is to the effect that persons engaged in wagering contests are not accomplices. *Com.* v. *Bossie,* 100 Ky. 151, 37 S. W. 844. In *Stone* v. *State,* 3 Tex. App. 675, the court, considering the exact question here presented, said: "We do not think the witness, Behman, is an accomplice. When several persons bet at a game of faro, pool, or monte, each is guilty of betting at a gaming table or bank, exhibited for the purpose of gaming; not as principals and accomplices to each other, but as several, not joint, offenders. There is not that oneness of intent and oneness of offense between them to make them principals. No one of them is aiding or assisting another by acts or encouraging by words in the commission of the offense. Each acts independently for himself against

the others, and without concert, mediately or immediately, with the other betters. An indictment charging them as joint, and not separate, offenders would be bad. The parties to the game of pool may change, and yet it not affect the defendants. Each one, as he takes part in the game and bets money on it, is guilty of a separate offense. * * * If the position contended for by defendants is true, when two defendants engage in a fight with and against each other a conviction cannot be had on the uncorroborated testimony of one of them."

Inasmuch as this disposes of the other question presented, the judgment is affirmed.                        *Affirmed.*

A petition for the writ of certiorari was denied by the Supreme court of the United States, December 14, 1914 (235 U. S. —, 59 L. ed. —, 35 Sup. Ct. Rep. 209).