John M. Berry, Berry & Floyd, Carrollton, for appellee.

**James MAUM and Leon Maum, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 16, 1973.

Daniel T. Taylor III, Louisville, for appellants.

Ed W. Hancock, Atty. Gen., Richard E. Fitzpatrick, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Justice.

Appellants, James and Leon Maum, were the proprietors of "Jimbo's Diner", a small short-order restaurant in Muldraugh. They appeal from a judgment of the Meade Circuit Court entered pursuant to a verdict finding them guilty of maintaining a public nuisance at the restaurant.

Among the errors alleged to have been committed, appellants contend that the trial court erred in amending the original indictment under RCr 6.16 and allowing the jury to pass on offenses not previously charged. We find merit in these contentions.

The grand jury charged in the original indictment that:

"* * * defendants committed the offense of Maintaining a Common Public Nuisance by wilfully, knowingly, and unlawfully on divers times within twelve months before October 12, 1970, suffer and procure and permit divers idle and evil-disposed persons to habitually frequent and assemble in and about and on the grounds of the restaurant in their possession and under their control, and there to be, remain, and habitually and unlawfully engage in traffic in Narcotic Drugs to the common nuisance and annoyance of all the good citizens of the Commonwealth of Kentucky then and there in the neighborhood passing and repassing, residing, and being, and having the right then and there to repass, reside, and be."

A common or public nuisance, which is a misdemeanor at common law, is wide in scope. It includes maintaining a condition of things which is prejudicial to the health, safety, comfort, property, sense of decency, or morals of the citizens at large. 66 C.J.S. Nuisances §§ 1–2 (1950). The original indictment narrowed this scope and apprised the accused that they were charged with maintaining a public nuisance specifically because they permit-

ted persons to traffic in narcotics on the property under their control.

During the course of trial, the witnesses for the Commonwealth testified concerning not only the traffic in narcotics, but also occasions of fighting, improper parking and congesting the public ways, being under the influence of intoxicating beverages in a public place, and engaging in disorderly conduct. This sweeping testimony was admitted despite repeated objections by counsel for the accused.

Upon the conclusion of all the testimony, the Commonwealth entered a motion to amend the indictment to include the added activities in the descriptive portion of the indictment. The amendment was accomplished over the accused's objection and the instructions to the jury contained the following language:

> " * * * and that they allowed the said idle and evil disposed persons to be there, remain and habitually and unlawfully engage in selling and trafficking in narcotics; or to be under the influence of narcotics; or to engage in fights and altercations; or to park and congest the public ways; or to be under the influence of intoxicating beverages in a public place and/or to engage in disorderly conduct * * *."

While RCr 6.16 provides that a court may permit amendment of an indictment before verdict, it may be done only " * *. * if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." In the case at bar, there was no way the defense could prepare to meet the additional specific charges and, consequently, their insertion during the trial was prejudical to the accused.

All of the testimony about the added accusations may have been logically relevant to show that the accused were the evil persons they were charged with being in the original indictment, but additional charges should not have been permitted to be made out of such testimony because no opportunity was afforded the accused to prepare to refute the additional accusations.

The jury might have convicted the accused without the injection of the new accusations into the trial, but that is a supposition we can not entertain, for it is necessary that the fairness of the trial process be maintained and accused persons thus protected from being convicted on charges or counts of an indictment of which they have had no notice prior to trial. The accused had a right to know all that they were charged with before they went to trial, and here they did not.

The judgment is reversed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.