William McPHERSON, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2004–SC–000068–MR.

Supreme Court of Kentucky.

Aug. 25, 2005.

Karen Shuff Maurer, Assistant Public Advocate, Department of Public Advocacy, Frankfort, Counsel for Appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Matthew Robert Krygiel, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, Counsel for Appellee.

A jury convicted Appellant, William McPherson, of four counts of sexual abuse in the first degree. He received a five-year sentence on each count, to run consecutively for a total of twenty years. McPherson appeals to this court as a matter of right, contending that he suffered substantial prejudice by the Commonwealth's amendment of the indictment after trial and denial of his equal protection by the prosecution's use of peremptory challenges. Both issues were preserved for our review.

■ McPherson claims that the trial court erred by allowing the prosecution to amend the indictment after trial. However, the amendment consisted solely of pinpointing the exact dates of the abusive incidents, which fell within the range of dates initially stated in the indictment. The prosecution obtained the exact dates from the victim's testimony at trial.

■ An indictment may be amended anytime prior to a verdict as long as the amendment does not charge an additional or different offense and does not prejudice the substantial rights of a defendant.[1] Amending the dates on which the crimes occurred is permissible provided that the amended date is still prior to the return of the indictment,[2] as in the instant case.

McPherson contends that the amendment substantially prejudiced him because amending the dates to conform to the victim's testimony bolstered her credibility. However, the amendment was made during a bench conference, outside the presence of the jury, and there is no indication from the record that the jury was aware of the amendment. Accordingly, McPherson has failed to show that the amendment caused him any prejudice. There was no error.

■ McPherson also maintains that he was denied equal protection by the prosecution's use of its peremptory challenges to strike a substantial number of men from the jury pool. The prosecution used eight of nine peremptory strikes on male prospective jurors.

■ A prosecutor's purposeful discrimination in jury selection violates the Fourteenth Amendment's equal protection clause.[3] Though initially invoked to chal-

---

1. RCR 6.16.

2. *Stephens v. Commonwealth*, 397 S.W.2d 157 (Ky.1965).

3. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

lenge discrimination based on race, the Amendment's protections extend to discrimination based on gender.[4]

■ A three-prong inquiry aids in determining whether a prosecutor's use of peremptory strikes violated the equal protection clause.[5] Initially, discrimination may be inferred from the totality of relevant facts associated with a prosecutor's conduct during a defendant's trial.[6] The second prong requires a prosecutor to offer a neutral explanation for challenging those jurors in the protected class.[7] Finally, the trial court must assess the plausibility of the prosecutor's explanations in light of all relevant evidence and determine whether the proffered reasons are legitimate or simply pretextual for discrimination against the targeted class.[8]

In the instant case, the trial court requested an explanation from the prosecutor after eight of nine peremptory strikes were used against male members of the jury pool. The prosecutor provided explanations, specific to each of the jurors he struck, which the trial court found to be credible and legitimate. Accordingly, the trial court found no discriminatory purpose in the prosecutor's use of peremptory challenges.

■ The trial court's decision is entitled to great deference.[9] We recognize that the U.S. Supreme Court recently overturned a decision despite such deference, and sustained an equal protection challenge based on racial discrimination in jury selection.[10] However, in *Miller–El v. Dretke, Director, Texas Department of Criminal Justice, Correctional Institutions Division,*[11] the defendant presented overwhelming evidence that the prosecutor's neutral explanations were pretextual. Specifically, the defendant had presented evidence that the district attorney's office had a history of systematically attempting to exclude minorities from juries, including testimony that a procedure known as "jury shuffle" had been used by the office in the past specifically to manipulate the racial composition of the jury pool.[12]

Additionally, the Court concluded that some of the prosecutor's proffered explanations for striking African–Americans from the jury pool were equally applicable to white jurors whom the prosecutor declined to peremptorily strike. Moreover, in explaining his reasons for striking these potential jurors, the prosecutor mischaracterized some of the testimony they gave during voir dire. When this mischaracterization was pointed out, the prosecutor offered another reason for the strike rather than respond or defend his initial explanation. The Court found that "[i]t would be difficult to credit the State's new explanation, which reeks of afterthought,"[13] supporting the defendant's contention that the prosecutor's neutral explanations were pretextual.

In the instant case, there are no similar circumstances which would indicate that

4. *J.E.B. v. Alabama ex rel. T.B.,* 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994).

5. *Batson,* 476 U.S. 79, 106 S.Ct. 1712.

6. *Id.*

7. *Id.*

8. *Id.*

9. *Id.* n. 21, 106 S.Ct. 1712.

10. *Miller–El v. Dretke, Director, Texas Department of Criminal Justice, Correctional Institutions Division,* —— U.S. ——, 125 S.Ct. 2317, 162 L.Ed.2d 196 (2005).

11. *Id.*

12. *Id.*

13. *Id.* at 2328.

the prosecutor's proffered reasons for his strikes were a pretext for gender discrimination. Specifically, one juror's son was being prosecuted by the Commonwealth; one juror indicated that he would not be able to assess the credibility of the Cabinet for Families and Children without bias; the prosecutor struck one juror because he had seen letters to the editor written by that juror which indicated a lack of respect for law enforcement; the prosecutor struck two jurors because he knew of previous legal issues or contact with the Sheriff's Department by them which made him uncomfortable; and the Commonwealth struck two jurors, one of whom defense counsel also struck, because of unresponsiveness during vior dire. Additionally, with only one exception, the prosecutor's questions during vior dire were directed to the panel as a whole. Thus, there was no disparity in questioning the jurors, such as those pointed out in *Miller–El.*

Ultimately, three of the eight men struck by the Commonwealth were struck by defense counsel as well. In addition to these three, the prosecution struck five men and one woman and the defense struck two men and three women. The final jury consisted of five men and nine women.

A review of the record reveals no evidence which would justify overturning the trial court's finding that Mr. McPherson was not denied equal protection.

Accordingly, we affirm McPherson's conviction.

All concur.