COMMONWEALTH of Kentucky,
Appellant,

v.

Patrick McKENZIE, Appellee.

No. 2005–SC–000257–DG.

Supreme Court of Kentucky.

Feb. 22, 2007.

As Corrected Feb. 26, 2007.

Gregory D. Stumbo, Attorney General of Kentucky, David A. Smith, Assistant Attorney General, Office of Criminal Appeals, Frankfort, for Appellant.

Kathleen K. Schmidt, Schmidt Law Office, Shepherdsville, for Appellee.

Opinion of the Court by Justice SCOTT.

Appellant, Commonwealth of Kentucky, appeals from an opinion and order of the Court of Appeals which reversed and remanded a judgment and sentence entered against Appellee, Patrick McKenzie, by the Campbell Circuit Court. The Court of Appeals reversed Appellee's conviction and sentence because it believed that Appellee's substantial rights were violated when the Commonwealth was permitted to amend the indictment against Appellee at the close of the Commonwealth's case in chief. On discretionary review to this Court, we reverse the Court of Appeals; and reinstate the judgment and sentence entered against Appellee by the circuit court.

In the early morning hours of September 3, 2000, the basement of the Cold Spring Roadhouse Restaurant was burglarized. Over $10,000 in cash, gift certificates, sales receipts, and credit card slips were stolen. On May 31, 2001, Appellee was indicted for the above crime. The indictment stated in relevant part:

The Campbell County Grand Jury charges that on or about the 3rd day of

September, 2000, in Campbell County, Commonwealth of Kentucky, the above named defendant, Patrick McKenzie, committed the offense of Burglary in the third degree by knowingly and unlawfully entering the building housing the Cold Spring Roadhouse Restaurant in Cold Spring, Kentucky with the intent to commit a theft[.]

After the Commonwealth's evidence was presented at Appellee's trial, the Commonwealth moved to amend the above referenced indictment to include a charge that Appellee committed the offense of third degree burglary by complicity. The Commonwealth argued that a complicity charge was appropriate since the evidence presented at trial supported such a theory. Appellee objected to the amendment, arguing unfair surprise and insufficient time to prepare an adequate defense. The Commonwealth responded that Appellee had been aware long before trial of the substance of its evidence. The circuit court agreed that Appellee was not unfairly surprised and granted the Commonwealth's motion. The jury was subsequently instructed on both third degree burglary as a principal and third degree burglary by complicity.

On March 12, 2002, the jury convicted Appellee of third degree burglary by complicity and of being a first degree persistent felony offender. For these crimes, Appellant was sentenced to fifteen years' imprisonment. On direct appeal, the Court of Appeals vacated Appellee's convictions and remanded for a new trial. We granted the Commonwealth's petition for discretionary review. For the reasons set forth herein, we now reverse the Court of Appeals; and reinstate the judgment and sentence entered against Appellee by the Campbell Circuit Court.

In a revised opinion rendered March 4, 2005,[1] the Court of Appeals correctly held that RCr[2] 6.16 permits the circuit court to amend an indictment, information, complaint, or citation "any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." *See McPherson v. Commonwealth,* 171 S.W.3d 1, 2 (Ky.2005); *Schambon v. Commonwealth,* 821 S.W.2d 804, 810 (Ky.1991). It further held, correctly, that amending the indictment to include an allegation that the defendant is guilty of the underlying charge by complicity does not constitute charging an additional or different offense. *See Commonwealth v. Caswell,* 614 S.W.2d 253, 254 (Ky.App.1981) ("KRS 502.020 does not create a new offense known as complicity. It simply provides that one who aids, counsels or attempts to aid another in committing an offense with the intention of facilitating or promoting the commission of the offense is himself guilty of that offense."); *see also, Parks v. Commonwealth,* 192 S.W.3d 318, 326–27 (Ky. 2006)("[O]ne who is found guilty of complicity to a crime occupies the same status as one being guilty of the principal offense.")(internal quotation omitted).

However, the Court of Appeals erred in holding that the substantial rights of Appellee were nonetheless prejudiced by the late amendment. Citing our holdings in *Brown v. Commonwealth,* 498 S.W.2d 119, 120 (Ky.1973) and *Wolbrecht v. Commonwealth,* 955 S.W.2d 533 (Ky.1997), the Court of Appeals found that Appellee was

---

1. The Court of Appeals initially rendered an opinion and order in this matter on September 17, 2004. In response to a petition for rehearing filed by the Commonwealth, the September 17, 2004 opinion and order was withdrawn and replaced with the March 4, 2005 opinion and order.

2. Kentucky Rules of Criminal Procedure

not given proper notice that he would have to rebut evidence of his alleged complicity to the crime averred in the original indictment. We disagree.

We first note that the reasoning in *Brown, supra,* and its predecessors has been largely superseded with the passage of KRS 502.020 (a person is guilty of an offense committed by another if he intentionally promotes or facilitates the offense) and KRS 502.030 (disposition of a charge against the principal offender is immaterial to the liability of an "accomplice"). *See also, Johnson v. Commonwealth,* 864 S.W.2d 266, 272 (Ky.1993) ("under modern rules the essential question when examining variance between the indictment and the proof is whether the defendant in fact had fair notice and a fair trial"). Therefore, to the extent that *Brown, supra,* and its predecessors hold that it is *per se* prejudicial to the substantial rights of a defendant to amend an indictment during trial to add a charge that the underlying crime was committed by complicity, they are overruled.

Second, while we affirm the principle set forth in *Wolbrecht, supra,* that "a defendant has the right to rely on the fact that he would only have to rebut the evidence of which he was given notice," we find the circumstances in *Wolbrecht* to be vastly different from the circumstances in this case. In *Wolbrecht,* the original indictment alleged that the three defendants were guilty of murdering the victim either as principals or by engaging in a conspiracy with each other *as a result of which one (1) of the defendants* shot the victim. *Id.* at 536. Half way through trial, the Commonwealth made "a dramatic, 180 degree turn in the case" by amending the indictment to include a charge that an *unknown trigger man* may have actually shot the victim. *Id.* at 537. This Court found that such a dramatic change in the Common-

wealth's theory of the case constituted "unfair surprise" and a "cavalier disregard of a person's right to be free from unsubstantiated criminal charges" since "Appellants were given no notice whatsoever, not a hint of a suggestion, that they would be ambushed at trial with a new theory of the case." *Id.* at 537–38.

In this instance, there was no such "dramatic, 180 degree turn" in the Commonwealth's theory of the case. *Id.* at 537. In fact, Appellee was on notice prior to trial that the Commonwealth intended to present testimony alleging that Appellee was, at the very least, an accomplice in the burglary. The Commonwealth did not change its theory of the case mid-trial, like it did in *Wolbrecht,* and it did not allege any charges that were not substantiated by the evidence. Rather, as instructed by *Wolbrecht, supra,* the Commonwealth "fairly informed [Appellee] of its intentions" and Appellee was free to "have developed its strategy accordingly." *Id.; Cf., Epperson v. Commonwealth,* 197 S.W.3d 46, 52 (Ky.2006) (no unfair surprise where defendant was given adequate notice of the evidence against him, but was not given notice by the Commonwealth of the role it believed the defendant played in the crimes). Thus, the outcome in *Wolbrecht, supra,* is not controlling in this case.

Moreover, unlike in *Wolbrecht, supra,* Appellee never requested the remedy prescribed in RCr 6.16, which was a continuance. The amendment in this case was requested after the Commonwealth's case in chief, but prior to the evidence which might have been offered by the defense. Thus, "if the defendant felt such an amendment was prejudicial … the defense could have moved to continue the trial in an effort to revamp [its] defense." *Anderson v. Commonwealth,* 63 S.W.3d 135, 141 (Ky.2001). However, no such motion was made, and thus, any claim that

Appellee was prejudiced by the lack there-of was waived. *See Bell v. Common-wealth,* 473 S.W.2d 820, 821 (Ky.1971) (ob-jection waived where defendant failed to ask for appropriate remedy); *Baker's Adm'r v. Frederick,* 243 S.W.2d 921, 925 (Ky.1951) (where unfair surprise was al-leged at trial, no relief was granted in part because litigant failed to protect himself by requesting a continuance). In fact, the defendant closed his case without offering *any evidence.*

When these circumstances are consid-ered in their totality, we find that Appellee suffered no unfair surprise and was not misled as a result of the original indict-ment being amended at the close of the Commonwealth's case in chief to include a charge that the underlying offense was committed by complicity. Accordingly, the Court of Appeals' opinion must be re-versed because the substantial rights of Appellee were not prejudiced in this case. *See Gilbert v. Commonwealth,* 838 S.W.2d 376, 378 (Ky.1991) (no prejudice where defendant was not surprised or misled by amendment of indictment). In light of this holding, we need not address whether Ap-pellee was impliedly acquitted of burglary in the third degree as a principal when he was convicted of burglary in the third de-gree by complicity.

The decision of the Court of Appeals is reversed; and the judgment and sentence entered by the Campbell Circuit Court are reinstated.

All concur.

MINTON, J., not sitting.