# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: OCTOBER 23, 2008
NOT TO BE PUBLISHED

Supreme Court of Kentucky

2007-SC-000322-TG

KEVIN DARRYL MARTINDALE                                                    APPELLANT

V.

ON APPEAL FROM DAVIESS CIRCUIT COURT
HONORABLE THOMAS O. CASTLEN, JUDGE
NO. 06-CR-00328

COMMONWEALTH OF KENTUCKY                                          APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

A circuit court jury convicted Keith Martindale of kidnapping, criminal trespass, and for being a persistent felony offender (PFO). Martindale argues that the trial court violated his substantial rights by granting the Commonwealth's motion to amend the indictment during trial. We find no error and affirm the conviction.

## I. FACTUAL AND PROCEDURAL HISTORY.

Police arrested Martindale after he fought with his ex-girlfriend in her home and allegedly struck her at least twice. He was charged with kidnapping, burglary in the first degree, alcohol intoxication, and PFO.

Martindale was originally charged with kidnapping with the "intent to accomplish or to advance the commission of a felony or felonies, that being burglary and assault" under Kentucky Revised Statutes (KRS) 509.040(1)(b). At the close of the Commonwealth's case-in-chief, the prosecutor moved to amend the indictment to add

language from KRS 509.040(1)(c) to indicate that Martindale committed the offense of kidnapping with intent to "inflict bodily injury or to terrorize the victim." Martindale's attorney objected to the amendment, stating that (1) Martindale's substantial rights would be prejudiced and (2) she would have questioned the victim differently and prepared analysis and expert testimony to refute evidence that the victim was "terrorized." But, at this point, Martindale did not request a continuance of the trial. And the trial court allowed the amendment.

The jury convicted Martindale of kidnapping, criminal trespass, and PFO. The trial court sentenced him to ten years for the kidnapping, which was enhanced to twenty years as a PFO.

## II. ANALYSIS.

An indictment is sufficient under Kentucky law if it contains a plain, concise, and definite statement of the essential facts constituting the specific offense with which the defendant is charged.[1] It need not detail the essential elements of the charged crime as long as it fairly informs the defendant of the specific offense charged and does not mislead.[2] Kentucky's Rules of Criminal Procedure (RCr) allow an indictment to be amended so long as: (1) no additional or different offense is charged; and (2) the substantial rights of the defendant are not prejudiced.[3] If justice requires, the court must grant the defendant a continuance when such an amendment is permitted.[4]

---

[1]  Ernst v. Commonwealth, 160 S.W.3d 744, 751-52 (Ky. 2005).

[2]  Id. at 752, citing Thomas v. Commonwealth, 931 S.W.2d 446, 449 (Ky. 1996).

[3]  RCr 6.16.

[4]  Id.

2

## A. The Amendment to the Indictment Did Not
## Charge an Additional or Different Offense.

No additional or different offense was charged in this case. In Schambon v. Commonwealth, we found no error after the trial court allowed the prosecution to amend the indictment at the close of its case-in-chief.[5] We said that the amendment "merely altered the designation of the subsection of the statute under which appellants were charged. The offense was the same. No additional evidence was required to prove the amended offense. . . ."[6]

In the present case, the original indictment charged Martindale with kidnapping under KRS 509.040. Yet kidnapping, under this statute, can be proven either when the defendant's intent is "[t]o accomplish or to advance the commission of a felony," KRS 509.040(1)(b), which is how Martindale was originally charged, or "[t]o inflict bodily injury or terrorize the victim or another," KRS 509.040(1)(c), which was the language included in the amendment. The amendment merely added language from KRS 509.040(1)(c) to indicate that Martindale's intention also could have been to "terrorize" the victim. The amendment to the indictment only designated another subsection of the statute used for the original charge. We do not believe this amendment constituted an additional or different charged offense under Schambon since the principal charge was the same, and no additional evidence was required to prove the amended offense. The amendment simply provided a different means by which the charged offense was committed.

---

[5]  821 S.W.2d 804, 810 (Ky. 1991).

[6]  *Id.*

3

## B. <u>Martindale's Substantial Rights Were Not Prejudiced</u>.

Additionally, the substantial rights of the defendant were not prejudiced. With regard to the amendment of indictments, we have said that "reasonable certainty about the charge is required," and that a defendant has the right to rely on the fact that he or she only has to rebut evidence of which he or she was given notice.[7] An amendment may be said to be prejudicial if it leads to a dramatic turn of events in a case, or the result would be an undue and unfair surprise.[8] On the other hand, we have disregarded allegations of prejudice when we concluded that the Commonwealth did not change its theory of the case mid-trial, nor did it amend to add any charges that were not substantiated by the evidence.[9]

The basic rule is that an amendment should not be allowed when a defendant would not have notice to prepare for a defense. The defense should not have to prepare to meet additional specific charges, and such insertion during a trial would be prejudicial to the accused.[10] Martindale was aware of the nature of the charge and the underlying facts, and he has not shown that he was surprised or misled by the amendment to the indictment. The Commonwealth pointed out at trial that Martindale was charged in the indictment with kidnapping with intent to accomplish the felonies of burglary and assault, and so he was already on notice that he would have to defend against the consequences of assault, such as bodily injury or fear. In fact, the statutory

---

[7] <u>Wolbrecht v. Commonwealth</u>, 955 S.W.2d 533, 537 (Ky. 1997).

[8] <i>Id.</i>

[9] <u>Commonwealth v. McKenzie</u>, 214 S.W.3d 306, 308 (Ky. 2007).

[10] <u>Maum v. Commonwealth</u>, 490 S.W.2d 748 (Ky. 1973).

4

definition of assault includes the infliction of physical injury.[11] So Martindale was not required, in the Commonwealth's assessment, to meet a substantially different charge.

We agree that the amendment was not a dramatic turn of events that would result in an "unfair surprise." As explained above, the amendment was permissible because the basic offense stayed the same and the only change was that another statutory subsection of the kidnapping charge was added. A substantial change in the theory of trial did not occur, and Martindale was not forced to meet additional charges or establish a different defense. And Martindale had not presented his case in chief, which gave him leeway in presenting his case to counter the amended charge. For all these reasons, we are not persuaded that there was prejudice to Martindale's substantial rights.

### C. Martindale Waived a Continuance By Not Specifically Asking for One.

The criminal rules provide that if justice requires, courts shall grant a continuance when an amendment to an indictment is permitted.[12] In McKenzie v. Commonwealth, we stated that if the defendant felt an amendment was prejudicial, the defense could have moved for a continuance in order to revamp its defense.[13] We determined that if no such motion is made, then any claim of prejudice by the lack of a continuance is waived.[14] Thus, a defendant must make the request for a continuance known to the court.

---

[11] KRS 508.010, 508.020 and 508.030.

[12] RCr 6.16.

[13] McKenzie, 214 S.W.3d at 308.

[14] Id. at 309.

Martindale argues that even though <u>McKenzie</u> requires that the defense make known its need for a continuance, the language in RCr 6.16 does not place any such requirement on the defendant. Martindale further argues that the court must grant a continuance on its own motion even if the defense does not ask for it—given the language in the rule that states that the court *"shall grant the defendant a continuance."* But Martindale cites no authority in support of this argument. And <u>McKenzie</u> is controlling law.

Martindale did not request a continuance after the amendment. He only argues that the amendment would affect his substantial rights and that his defense might have been different. He still makes no showing that additional time was needed. Because Martindale never asked specifically for more time to prepare his case, he waived any right to a continuance of the trial.

## III. <u>CONCLUSION</u>.

For the foregoing reasons, Martindale's convictions and sentences are affirmed.

Minton, C.J.; Abramson, Cunningham, Noble, Schroder, and Scott, JJ., sitting. All concur. Venters, J., not sitting.

COUNSEL FOR APPELLANT:

Karen Shuff Maurer
Assistant Public Advocate
Department of Public Advocacy
100 Fair Oaks Lane, Suite 302
Frankfort, Kentucky 40601-1133


COUNSEL FOR APPELLEE:

Jack Conway
Attorney General of Kentucky

Heather M. Fryman
Assistant Attorney General
Office of Criminal Appeals
Office of the Attorney General
1024 Capital Center Drive
Frankfort, Kentucky 40601